AMERICAN AIRLINES, INC., Petitioner, *v.* STATE COMMISSION FOR HUMAN RIGHTS et al., Respondents.

First Department, January 25, 1968.

*Herbert Prashker* of counsel (*Poletti Freidin Prashker Feldman & Gartner* and *Arthur M. Wisehart,* attorneys), for petitioner.

*Alan J. Saks* of counsel (*Henry Spitz* with him on the brief), for State Commission for Human Rights, respondent.

McNALLY, J. This submission of controversy pursuant to CPLR 3222 involves the validity of conditions concerning the employment of respondent Eloise N. Soots requiring her prior to her 32nd birthday to elect between employment other than as stewardess or termination of her employment within and not later than 12 months after said birthday month, in the light of section 296 of the Executive Law.

Respondent Soots was employed by petitioner on February 27, 1956, as an airline stewardess. At that time she executed at American's request an agreement that her stewardess employment would terminate at age 32, that is, in 1964. The applicable collective bargaining agreement required Soots to elect between other employment with petitioner or continuance as stewardess for an additional period terminating no later than 12 months following the month of her 32nd birthday. Soots elected to continue as stewardess. Accordingly, petitioner terminated her employment on or about August 30, 1965.

Prior to 1958 section 296 of the Executive Law denominated as unlawful employment practices the refusal to employ, the discharge, or discrimination in compensation or other terms of employment of any individual because of race, creed, color, or national origin. It is to be noted that section 296 substantially extends to the employment relation the equal protection clause of the New York State Constitution (art. I, § 11). In the area of employment one's race, creed, color, or national origin may not be the basis for the refusal of or discrimination in employment. There are no gradations; the proscription is against the entire spectrum of discrimination based on the specified factors, or any of them. The proscription was total; discrimination was in absolute terms as to factors based on indiscriminate prejudice wholly unrelated to the employment status.

In 1958 the statute was amended to include as an unlawful employment practice the refusal of and discrimination in employment based on age. Age is not a factor within the purview of constitutional protection. The claim by respondent commission that employment discrimination grounded on age under 65 is unlimited in scope is contrary to the public policy of this State against the employment of minors (Labor Law, art. 4). '' All new laws are supposed to be enacted with knowledge on the part of the lawmakers of the existence and scope of

the old laws, and, hence, it is reasonable to conclude there was no intention in enacting the new law to repeal or change the old law ". (*Davis* v. *Supreme Lodge, Knights of Honor,* 165 N. Y. 159, 166.)

Unlike the criteria of race, creed, color, or national origin, the concept of age involves a spectrum of physical capacities, disabilities, and qualities inclusive of minority, directly and rationally related to employment. There was, therefore, need for delimitation of the generic factor of age, particularly since the State had in the exercise of its public policy comprehensively limited and regulated the employment of minors. The Legislature accordingly and concurrently enacted subdivision 3-a of section 296, restricting the application of the age factor to the 45 to 65 age bracket. (L. 1958, ch. 738, § 2.) In addition, the Legislature expressly excluded from the scope of section 296 the physical disabilities attending age. In sum, it was not feasible, in the light of the well-established public policy against the unregulated employment of minors, and the irreversible physical factors attending age, totally to exclude the age factor in employment practices.

The title of chapter 738 confirms the purpose of the Legislature to limit its application to those over 45 years of age. It is entitled: " An Act to amend the executive law, in relation to discriminatory practices in the employment, retention and discharge of individuals who are over the age of forty-five." Although a statute is to be determined by its provisions, nevertheless, " when its language is ambiguous and doubtful, resort may be had to its title and the occasion of its enactment, to explain an ambiguity in its terms." (*People* v. *O'Brien,* 111 N. Y. 1, 59–60.) In 1961 the Legislature enlarged the protected group to the ages of 40 to 65 (L. 1961, ch. 609). Again, the title expresses the intention to limit the application of section 296: " An Act to amend the executive law, in relation to discriminatory practices in the employment, promotion or discharge of individuals over forty years of age."

The legislative intent is also manifest in the Governor's message approving the 1958 statute as well as the one approving the 1961 amendment. Governor Harriman, on approving the 1958 act, said, in part: " This bill prohibits discrimination in employment by reason of age and particularly prohibits discriminatory practices relating to employment or conditions of employment as to persons between forty-five and sixty-five years of age." (N. Y. Legis. Annual, 1958, p. 470.) Governor Rockefeller's message approving the 1961 amendment said: " This

bill extends to persons between the ages of 40 and 45 the protections of the law prohibiting discriminatory employment practices based upon age.'' (N. Y. Legis. Annual, 1961, p. 455.) In exercising the power to approve legislation, the Governor performs a legislative function (*Teeval Co.* v. *Stern,* 301 N. Y. 346, 362). The legislative proceedings relative to an enactment may be utilized in the ascertainment of its intent. (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 125.)

Respondent commission, conceding the statute to be ambiguous thereon argues for its application to persons under the statutory age bracket on the strength of its 1958 interpretative ruling referred to as Ruling A.

On this record, we fail to find any basis for the construction advanced by respondents. The commission's interpretation without substantial evidence of its application and enforcement is not sufficient foundation therefor. (*Faingnaert* v. *Moss,* 295 N. Y. 18, 26.) In addition, the rejection by the Legislature of the amendments in 1966 and 1967 sought by the commission to extend its application to persons under 40 is a significant circumstance against the construction sought by respondents. (See 50 Am. Jur., Statutes, §§ 330, 331.) Tangentially to be noted is the recent Federal Age Discrimination in Employment Act of 1967 (Public Law No. 202, 90th Cong., 1st Sess.) approved December 15, 1967, limiting its application to individuals between 40 and 65 years of age. Its stated purpose is to eliminate discrimination based on age and to promote employment of persons within said group.

We are constrained to hold that the provisions of the statute, in the light of its legislative history, are limited in their application to persons between the ages of 40 and 65. Petitioner is entitled to judgment directing the respondent commission to dismiss the amended complaint, vacating the notice of hearing, and terminating the proceedings in accordance with the submission, without costs.

Settle judgment on notice.

BOTEIN, P. J., STEVENS, CAPOZZOLI and McGIVERN, JJ., concur.

Judgment in favor of petitioner directing the respondent commission to dismiss the amended complaint, vacate the notice of hearing, and terminate the proceedings in accordance with the submission, without costs or disbursements. Settle judgment on notice.