Hon. Vito J. Castellano Major General Chief of Staff to the Governor Division of Military and Naval Affairs
You ask whether an auxiliary police officer recruited under the New York State Defense Emergency Act ("Emergency Act") is authorized to operate a police vehicle.
Auxiliary police are recruited for civil defense functions and may also be used to combat natural and man-made disasters (McKinney's Unconsolidated Laws, § 9123 [22]; Executive Law, Article 2-B). They may exercise peace officer powers only during a period of attack (informal opinion of the Attorney General No. 81-49, construing Criminal Procedure Law, §§ 2.10 [26] and 2.20 as added by chapter 843 of the Laws of 1980). They may not be given police officer powers (id., § 1.20 [34]). Although civil defense drills are mandated whereby auxiliary police receive training to perform their civil defense functions under the Emergency Act, during these drills auxiliary police possess only the powers of ordinary citizens (Opinion No. 81-49, supra; McKinney's Unconsolidated Laws, § 9123 [22]). They may not act as peace officers during these drills.
Your request for our opinion refers specifically to section396 of the Vehicle and Traffic Law and seeks guidance on the scope of that statute as dispositive of the issue presented.
The section provides in pertinent part:
 "396. Use of state and other seals and insignia on private vehicles prohibited
* * *
 "2. A person who shall use or diplay the words `Police Department,' `Police' or any sign, lettering or device with the letters `P.D.,' or any other matter indicating ownership, possession or use by a police department, on any motor vehicle or motor cycle not used by a duly organized police department within this state and not actually operated or used by a member or an employee of a duly organized police department on any public highway, is guilty of a traffic infraction."
Whether or not the title of the section limits the meaning of the text of paragraph "2" (see McKinney's Statutes, § 123; Sands, Sutherland's
Statutory Construction, § 18.02 [4th Ed, 1972]; American Airlines vState Commission on Human Rights, 29 A.D.2d 178, 180 [1st Dept, 1968]), the policy expressed in paragraph 2 of preventing the false impression of a vehicle being used as an official police car when it in fact is not, is certainly unexceptionable. As noted above, auxiliary police are recruited for civil defense functions, may exercise peace officer powers only during a period of enemy attack and under any other circumstances must be regarded simply as private citizens. We are profoundly mindful of the important public policy considerations presented by any practice which might appear to delegate to private citizens the essentially nondelegable powers of police officers.
In establishing auxiliary police, care is taken to require that they not use the same insignia as used by the local police force (9 NYCRR 505.1). Indeed, the strong public interest at stake in preventing private citizens from being perceived as peace officers has found expression not only in this context but also in the Penal Law, which defines as criminal certain behavior involving the unauthorized use of police insignia (§ 190.25). There can be no doubt that the public policy of this State creates a strong presumption against any practice which might deceive or confuse the general public in this regard. We regard the use of vehicles displaying police insignia as analogous to the use of other police insignia which are denied auxiliary police. It is anomalous to insist upon the use of an alternative badge for auxiliary police and simultaneously to fail to insist upon clear identification of the vehicles the auxiliary police use. In the highly charged and stressful circumstances under which citizen encounters with police frequently occur, there is far too distinct a possibility that auxiliary police using police vehicles bearing only official police insignia will be perceived as police officers. Such perception is in the interest of neither the auxiliary police, the official police nor the public.
In light of all the foregoing factors and the fact that auxiliary police are affirmatively authorized to use vehicles bearing civil defense insignia (9 NYCRR, § 505.2), we conclude that auxiliary police may not operate vehicles owned by a police department unless the insignia on such vehicles unmistakably indicate from a distance that such vehicles are being operated by auxiliary police and not by members of the police department. Of course, auxiliary police may operate or use vehicles bearing police insignia if accompanied by a member of a duly organized police department.