PHILIPPE FAINGNAERT, as President of New York Household Placement Association, et al., Appellants, *v.* PAUL Moss, as Commissioner of Licenses of the City of New York, Respondent.

Argued October 3, 1945; decided November 29, 1945.

*I. Maurice Wormser, William E. Vogel* and *Frank X. O'Donnell, Jr.,* for appellants. I. The provisions of section 185 of the General Business Law do not regulate, control or affect the fees which may be charged by employment agencies to employers. (*Matter of Corporate Employment Service, Inc.,* v. *Moss,* 263 App. Div. 14, 287 N. Y. 794; *National Employment Exchange* v. *Geraghty,* 60 F. 2d 918.) II. Any ambiguity in section 185 of the General Business Law, as amended, should be resolved in favor of the plaintiffs. (*Fajans* v. *Macy & Co.,* 163 Misc. 182.) III. The total 10% fee limitation ordered by the defendant is unreasonable, arbitrary, discriminatory, confiscatory and unconstitutional under both the Federal and State Constitutions. (*Acorn Employment Service, Inc.,* v. *Moss,* 292 N. Y. 147; *Federal Waste Paper Corp.* v. *Garment Center Capitol,* 268 App. Div. 230; *Kelly-Sullivan, Inc.,* v. *Moss,* 174 Misc. 1098; *Wallace* v. *Hudson-Duncan & Co.,* 98 F. 2d 985; *Lakeland Highlands Canning Co.* v. *Mayo,* 28 F. Supp 44; *Telluride Power Co.* v. *Public Utilities Commission,* 8 F. Supp. 341; *Southwest Utility Ice Co.* v. *Liebmann,* 52 F. 2d 349; *Eighth Avenue Coach Corporation* v. *City of New York,* 286 N. Y. 84; *Boomer* v. *Olsen,* 143 Neb. 579; *Olsen* v. *Nebraska,* 313 U. S. 236; *Adams* v. *Tanner,* 244 U. S. 590; *Matter of Jacobs,* 98 N. Y. 98; *Noyes* v. *Erie & Wyoming Farmers Co-op. Corp.,* 281 N. Y. 187.)

*Ignatius M. Wilkinson, Corporation Counsel (Richard L. Baltimore, Jr.,* and *James Hall Prothero* of counsel), for respondent. I. The express, unambiguous and unequivocal language of the statute compels a construction consonant with the respondent's position that the gross amount charged, from any and all sources, cannot exceed 10%. (*London Guarantee & Acc. Co.* v. *Jacobson,* 241 Mass. 255; *Metropolitan Life Ins. Co.* v. *Rouillard,* 92 N. H. 16; *State* v. *Hallenberg-Wagner Motor Co.,* 341 Mo. 771.) II. The gross fee to be charged by an employment agency may not exceed the amounts set forth in subdivision 1 of section 185 of the General Business Law. (*Olsen* v. *Nebraska,* 313 U. S. 236; *Buchanan* v. *Tilden,* 18 App.

Div. 123; *Cook* v. *Phillips*, 56 N. Y. 310.)  III. The objectionable consequences which would ensue from the appellants' construction of the statute, as contrasted with respondent's, counsel acceptance of the latter's interpretation.  (*Watertown Imp. & Const. Co.* v. *City of Watertown*, 145 Misc. 398; *Matter of Rouss*, 221 N. Y. 81; *Matter of Emerson* v. *Buck*, 230 N. Y. 380; *Ewen* v. *Thompson-Starrett Co.*, 208 N. Y. 245; *People ex rel. Royal Bank of Canada* v. *Loughman*, 226 App. Div. 593, 254 N. Y. 512; *People ex rel. Nechamcus* v. *Warden*, 144 N. Y. 529.)

CONWAY, J.  The plaintiffs, an association of employment agencies and two of the agencies, bring this action for a declaratory judgment declaring that the defendant Commissioner of Licenses is acting contrary to law in attempting to limit the fees charged by agencies in providing domestic or Class " A " employment (General Business Law, § 185, subd. 1).  They ask further for a declaratory judgment, declaring that they have the legal right to charge a fee to employees for whom employment is provided in an amount not exceeding 10% of the first month's salary or income, *and a similar fee to employers for services rendered to said employers in obtaining applicants to fill positions for them.*  They ask further that if section 185 of the General Business Law be " interpreted to restrict the total gross fees to be charged to both employers and employees to an amount not to exceed for any single engagement ten (10%) per centum of the first month's salary ", that it be declared unconstitutional as violating the 14th Amendment of the Federal Constitution and article I, sections 1, 6 and 11 of the New York State Constitution.

The conduct of business employment agencies in New York City is governed by the provisions of article 11, sections 170–192, of the General Business Law, and the defendant, as Commissioner of Licenses, is charged with the enforcement of those provisions.  Special Term found that for many years prior to May 12, 1944, the plaintiffs, with the knowledge of the defendant, " had been charging a sum not exceeding 10% of the first month's wages to applicants for employment and a similar charge not exceeding 10% of the first month's wages of said applicant for employment has been charged to employers who engaged the services of plaintiffs " and that for many years

prior to May 12, 1944, other licensed employment agencies in New York City "had been charging sums in varying amounts exceeding 10% of the first month's wages to applicants for employment and to employers who engaged the services of these agencies." It further found that on May 12, 1944, "for the first time, plaintiffs and other domestic and household employment agencies in the city of New York, were summoned to the office of the defendant and advised orally that, under penalty of suspension or revocation of their licenses, they could not charge an amount greater than the total amount of 10% of the first month's salary or income for providing employment in class 'A', as set forth in subdivision 1 of Section 185 of the General Business Law of the State of New York to both employees for whom employment is provided, and to employers." The question presented here concerns the interpretation of that section. The plaintiffs contend that the statute merely places a 10% ceiling on the fee to be charged to the *employee* and that there is no attempt to regulate the fee to be charged to the *employer*. Defendant contends, on the other hand, that while the plaintiffs' position was correct under the section as it existed prior to the amendment of May 20, 1942, the statute as it now reads compels the interpretation that there is a 10% limitation on the fee which the agencies may collect for any single employment, whether it be from the employee or the employer or both. That reasonable men may differ on the proper construction of the statute is made clear by the fact that the defendant commissioner is now urging a construction, under threat of suspension or revocation of license, which is exactly the opposite of that which he made and under which he administered the law for nearly two years prior to his present construction. Before so drastic and abrupt a change in the conduct of a recognized business, we think the legislative intention should be clear and unequivocal. Article 11 of the General Business Law is penal in character providing that any person violating the provisions of section 185 shall be deemed guilty of a misdemeanor and that, upon conviction of any licensed person for any violation, such person shall be subject to a fine or imprisonment for not more than one year or both and further providing for cancelation and revocation forthwith of the license by the mayor or commissioner of licenses. The construction should, therefore, be a strict one

and it seems to us should be in favor of plaintiffs until such time as the Legislature clearly makes a contrary direction.

General Business Law, section 185, subdivision 1, as it existed prior to the 1942 amendment and as it now reads, is as follows:

*Section Prior to the Amendment*

" § 185. Fees charged by persons conducting employment agencies

1. The gross fees of licensed persons charged to *applicants for employment* as lumbermen, agricultural hands, coachmen, grooms, hostlers, seamstresses, cooks, waiters, waitresses, scrubwomen, laundresses, maids, nurses (except professionals) and all domestics and servants, unskilled workers and general laborers, *shall not in any case exceed ten per centum of the first month's wages*, and for all other applicants for employment, shall not exceed the amount of the first week's wages or salary unless the period of employment is for at least one year, and at a yearly salary, and in that event the gross fee charged shall not exceed five per centum of the first year's salary, except when the employment or engagement is of a temporary nature, not to exceed in any single contract one month, then the fee shall not exceed ten per centum of the salary paid." (Emphasis supplied.)

*Section Applicable to the Instant Case*

"§ 185. Fees charged by persons conducting employment agencies

1. *For the purpose of placing a ceiling over the fees charged by persons conducting employment agencies,* the classes of employment furnished by them shall be grouped as follows: Class ' A ' employment — meaning and including employment as lumbermen, agricultural hands, seamstresses, cooks, waiters, waitresses, scrubwomen, laundresses, maids and other domestic servants, nurses (except professional), unskilled and untrained manual workers and general laborers; and class ' B ' employment — meaning and including any employment (except theatrical engagements) not included in class ' A '. *The gross fee* charged by any person conducting an employment agency shall not *for any single engagement exceed ten per centum of the first month's salary or income for providing employment in class ' A ',* nor exceed the amount of the first week's salary or wages for providing employment in class ' B ' unless the computed first year's salary or income to be derived is equivalent to twenty-five hundred dollars or more, in which event the gross fee shall not exceed, in per centum of the computed first year's salary or income, a rate equal to one-one thousandth of said salary or income, and in no event shall exceed a rate of five per centum of such salary or income." As amended by Laws of 1942, chapter 908, section 1, effective May 20, 1942. (Emphasis supplied.)

It was found that the " class of employment provided by the plaintiffs herein is grouped as class ' A ' employment within the provisions " of the above section.

The history of the section does not cast much light upon the question of its interpretation. Section 185, subdivision 1 (L. 1910, ch. 700), was derived from sections 173 and 183 of the General Business Law (L. 1909, ch. 25). Section 173 was, in turn, derived from chapter 432 of the Laws of 1904 as amended by chapter 327 of the Laws of 1906, and section 183 was derived from chapter 328 of the Laws of 1906. In none of those statutes does there appear any language which could be interpreted as an attempt to control the amount of fees charged to employers, or " applicants for help " as they are called. There is provision, however, for a limitation on the amounts of fees to be charged " applicants for employment ".

Returning to the wording of the section as it now stands, plaintiffs here point to the use of the singular in the provision " The gross *fee* charged," etc. They urge that if the 10% fee were to be divided between the employee and employer there would be two separate fees. They point also to the use of the words " for providing employment " and this does seem a cogent argument for the interpretation that only employees were referred to. In other sections of article 11, i.e., section 171, subdivision 2 (definition of " employment agency ") and in section 187 (receipt for fees paid) there is a differentiation between applicants for help and applicants for employment. These same terms were used in the earlier statutes above referred to (L. 1904, ch. 432, § 5; L. 1906, ch. 327, § 1; L. 1906, ch. 328, § 5). There is a difference in language between the provision in the present section 185, subdivision 1: " The gross fee charged by any person conducting an employment agency shall not for any single engagement exceed ten per centum of the first month's salary or income *for providing employment* * * * " (emphasis supplied) and the language in the present section 171, subdivision 7, which provides, in part: "7. The term ' fee ' means and includes *any money or other valuable consideration paid or promised to be paid for services rendered or to be rendered by any person conducting an employment agency* * * * " (emphasis supplied). It would seem that the fee referred to in section 185, subdivision 1,

was a more limited fee that the one defined in section 171. It was to be a fee paid for providing employment and thus to be paid by an employee.

We think, however, that plaintiffs are in error in urging that *no* regulation of the amount of fees charged employers was intended. The expressed purpose of the present section 185, subdivision 1 ("For the purpose of placing a ceiling over the fees charged by persons conducting employment agencies * * * ") would clearly indicate such an intention. The provisions of General Business Law, section 186, make the legislative intention even more certain. That section reads, in part, as follows: "3. If an employee furnished to an employer fails to remain one week in the position, *the gross fee charged to said employer shall not exceed three-fifths of the maximum set forth in section one hundred eighty-five of this article* for the class of employment provided, or a new employee shall be furnished to the employer if the employer so elects." (Emphasis supplied.) Subdivision 1 of section 186 deals with a return of fees to the employee in the event of termination of the employment. We cannot agree with plaintiffs' contention that no intention to fix fees is indicated by section 186, because that section deals with a return of fees. The sections must be read together, and section 186 serves to make clear the meaning of section 185, subdivision 1.

The conclusion is inescapable that some control over fees charged to employers was intended by the very fact of amendment, and the change in language. To say that some control over the fees charged employers was intended does not mean, however, that we must sustain defendant's position. It seems to us that the intention of the Legislature was to continue the limit of 10% on the fees charged employees and to provide a limit of 10% on the fees charged employers. In other words, an employer may be charged an amount not in excess of 10% in addition to the fee (again not in excess of 10%) charged the employee. There is nothing in the expressed purpose of the section that forbids such interpretation. A "ceiling" is provided, though it is a higher ceiling than that urged by defendant. The only difficulty lies in the use of the words "single engagement" ("The gross fee charged . . . shall not for any single engagement . . . "). That means, we think, that it is a

single engagement when the agency obtains help for the employer and a single engagement when the agency obtains employment for the employee. Plaintiffs must stand or fall on that interpretation of the statute. There is no merit in their contention that if the statute be ambiguous, effect should be given to the practical interpretation given the statute by those entrusted with its enforcement. The present section was effective on May 20, 1942. The defendant acquiesced in the charging of fees of 10% or more to employers until May 12, 1944, when he advised plaintiffs that they could charge only a total fee of 10%. That was a period of less than two years and would not constitute a " practical construction . . . acquiesced in by all for a long period of time " within the meaning of the authorities (*Matter of City of New York,* 217 N. Y. 1, 13).

Nor can plaintiffs succeed on this record in their attack on the constitutionality of the section. A limitation upon fees charged to employers would not deny plaintiffs equal protection of the laws since all agencies in the same class are treated alike. (*Matter of Sacharoff* v. *Corsi,* 294 N. Y. 305, 312.) Plaintiffs emphasize an alleged violation of the due process clause. There is no finding and no request to find that the statute, if interpreted in accordance with defendant's contention, would be confiscatory. There is, therefore, no reviewable question. (See Cohen, The Powers of the New York Court of Appeals, p. 317.)

The judgments should be reversed, with costs in the Appellate Division and in this court, and the matter remitted to the Special Term for further proceedings not inconsistent with this opinion.

LOUGHRAN, Ch. J., LEWIS, DESMOND, THACHER, DYE and MEDALIE, JJ., concur.

Judgments reversed, etc.