Louis I. Kaplan, J.
'This is an action by plaintiff law firm to recover the sum of $1,040 which it paid as a commission to defendant employment agency in connection with the hiring of Ms. Rosita Potyrala, as a legal secretary.
*381 Subdivision 1 of section 185 of the General Business Law reads in part .as follows: 1 ‘ The fees charged to employers by any licensed person conducting an employment agency for rendering services in connection with, or for providing employment in class ‘ B as hereinafter defined in subdivision four of this section where such employment is compensated .for at the rate of not less than nine thousand dollars per annum, shall foe determined by agreement between the employer and the employment agency” (emphasis supplied).
The proof offered upon the trial established that the employee, Ms. Rosita Potyrala, was hired by plaintiff at a salary of $200 per week, which when computed on an annual basis totals, $10,400. I find that such employment comes within the definition of .Class “ B ” employment as defined by subdivision 4 of section 185 of the General Business Law.
As subdivision 1* of section 185 leaves open to the employment agency and the employer to determine by contract between them the fees to be charged where the employment comes within the definition of Class “ B ” employment. Subdivision 2 of section 185 of the General Business Law provides that: “ The gross fee charged to the job applicant and the gross fee charged to the employer each shall not exceed the amounts enumerated in the schedules set forth in this section, for any single employment or engagement, except .as hereinabove provided; and such fees shall be subject to the provisions of section one hundred eighty-six of this article ” (emphasis supplied).
The agreement between the parties provided that upon the filling of the secretarial position with a person referred by the defendant, plaintiff would pay it a fee equal to 10% of the new employee’s first year salary. The agreement contained a “ warranty ” that, should the employee be terminated for any reason within the first 30 days, the fee would be -reduced to 10% of the gross earnings.
Ms. Rosita Potyrala accepted employment and began work on November 27, 1972, which employment was continuous up to and including March 2d, 1973. Such time period in and of itself is in excess of 30 days.
The plaintiff contends that defendant’s gross fee was limited by subdivision ,3 of section 186 of the General Business Law to a sum not to exceed 10% of the salary received ;by the employee.
Plaintiff concedes that Ms. Potyrala’s employment was terminated ■“ without fault on her part ”, plaintiff found no fault with her and would have preferred that she stay in their employ.
*382 However, plaintiff has misconstrued subdivisions 1 and 2 of section 185 of the General Business Law. Subdivision 1 of section 185, as stated heretofore, allows the employer and the employment agency to provide for the fees charged by agreement where the employee is in ¡Class “ B ” employment where the salary is for more than $9,000 per year. Subdivision 2 of section 185 provides an exception which necessarily refers to employment in Class “ B ” over $9,000 per year.
■The Court of Appeals in Faingnaert v. Moss (295 N. Y. 18) upheld the constitutionality of article 11 of the General Business Law and also stated that sections 185 and 186 .should be read together. Since section 185 excepts the factual situation before me from the terms of section 186, section 186 does not apply.
It is to be noted that the Department of Consumer Affairs is in accord with my interpretation of sections 185 and 186 of the General Business Law (see Norman Personnel Agency v. Branson Communications, Civil Court, New York County, Index No. 87667-1970).
The case of Snelling & Snelling Personnel Agency of Queens v. Nasir (71 Misc 2d 499) is not applicable to the facts as presented herein. In Smelling the employment though Class “ B ” in nature, was not, exempted from the statute as the annual salary for the position was $7,200.
The defendant has fully complied with the terms of the agreement and is entitled to retain the fee of $1,040.
Accordingly, I ¡find that plaintiff has failed to sustain its cause of action, and I hereby award judgment in favor of the defendant.