OPINION OF THE COURT

Per Curiam.

Judgment entered March 23, 1979, after inquest (Williams, J.), insofar as appealed from, affirmed, with $25 costs, upon the opinion of Williams, J.
The decision of the defendant to hire an accounting manager, at a lower salary than would have been required for the originally planned hiring of a controller or chief financial officer, did not abrogate the original fee arrangement between the parties (10 NY Jur, Contracts, § 406; cf. Davis v Bingham, 39 Misc 299, 300).
Subdivision 1 of section 185 of the General Business Law (as amd by L 1975, ch 632, § 17) provides in regard to class B employees (commercial, clerical, executive, administrative and professional employment — see General Business Law, § 185, subd 4), that where no fee is being paid by the applicant, as is the case herein, the fee to be paid by the employer "shall be determined by agreement between the employer and the employment agency.” Subdivision 2 of section 185 of the General Business Law establishes a fee schedule "except as hereinabove provided”. That fee schedule — which sets a ceiling of 60% of the first full month’s salary (§ 185, subd 7) for class B employees paid more than $4,800 per annum — is only effective in the absence of an agreement between the parties as to fees (cf. Brown, Wood, Fuller, Caldwell & Ivey v Grey Personnel Agency, 77 Misc 2d 380) or in the absence of alternative proof of the value of the services rendered.
In this latter regard, even assuming that the court erred in concluding that there had been an agreement between the parties as to the fee, the plaintiff would have been entitled to recover in quantum meruit for the fair and reasonable value of the services rendered (10 NY Jur, Contracts, § 275; Pilot Employment Serv. v Afrointernational Corp., NYLJ, Dec. 15, 1977, p 6, col 3 and cases cited). The fair and reasonable value of plaintiff’s services was established by the plaintiff’s witness who qualified as an expert on employment agency fees, a status not disputed by defendant. He testified that on a salary *319 of $22,000, the "standard fee would be 22%”. In Pilot Employment Serv. v Afrointernational Corp. (supra), this court considered an employment agency contract wherein the oral agreement of the parties was silent as to the amount of the agency’s fee. We there adopted the fee schedule contained in subdivisions 4 and 7 of section 185 of the General Business Law "in the absence of any other testimony”. In this case, since the testimony as to the value of the services rendered was supplied by an expert witness, recourse to the schedule set forth in subdivision 7 of section 185 of the General Business Law would not be required.
Concur: Hughes, J. P., Tierney and Riccobono, JJ.