OPINION OF THE COURT
Beverly Cohen, J.
Two actions between plaintiff and defendant have been tried together.
Plaintiff, an employment agency, is suing to recover in each action for a fee it claims pursuant to an alleged agreement with defendant to pay such fee.
*696 In the first case plaintiff claims to have referred one Howard Fuchs, at defendant’s request, to fill a position as a unit manager of a restaurant. The job order submitted in evidence by plaintiff, prepared by Mr. Van Dekker an employee of plaintiff, lists the company requesting a referral as Abcon Industries. This information could only have been obtained from the person giving the job description. Defendant’s witness, Mr. Zenobio, testified that he was president of both defendant and MZ Industries, Inc., and that it is MZ Industries, Inc., which owns the restaurant which hired Mr. Fuchs. Be that as it may, there is no dispute that Mr. Wedl, an officer of Abcon Industries, Inc., having no connection with MZ Industries, interviewed Mr. Fuchs and conducted negotiations with plaintiff.
Plaintiff, after discussing Mr. Fuchs’ employment with Mr. Wedl entered into discussions as to the amount of the fee. It is not disputed that plaintiff mailed a copy,of its fee schedule to defendant and both Mr. Zenobio and Mr. Wedl testified that they received and read the schedule.
Both sides agree, too, that the parties agreed that the fee for placement of Mr. Fuchs would be $5,000 rather than the $6,750 which would be due according to the printed schedule.
The parties disagree as to a further term of the agreement. Both Mr. Zenobio and Mr. Wedl testified that the parties agreed that no fee would be due if the employee did not remain 30 days and if he remained less than 90 days the fee would be prorated.
Defendant has not sustained its burden of showing that the written fee schedule was modified by an oral agreement. The plaintiff, by Ms. Adamo, and Mr. Van Dekker, after sending the invoice on Mr. Fuchs, called defendant several times to follow up the nonpayment. Neither Mr. Zenobio nor Mr. Wedl ever made any objection to the invoices either orally or in writing. Mr. Wedl testified that when he was called by plaintiff about payment he replied that he would look into the status of the invoice. That is not the response to be expected from one who claims to have an agreement not consistent with the invoice. This is especially true since the witness testified that the call from Ms. Adamo may have occurred after the termination of Mr. *697 Fuchs. At such a point Mr. Wedl would certainly have been expected to refer to thé claimed 90-day limitation period.
Plaintiff is entitled to recover from defendant on Case Index No. 40788/79 the sum of $5,000 — with interest from March 22, 1979.
With respect to the job order for the position filled by Klein Brewer at the request of Howard Fuchs the court finds that Abcon Industries, Inc., by hiring Mr. Fuchs for the Larder Restaurant through plaintiff cloaked him with the apparent authority to act for Abcon Industries, Inc., in dealing with plaintiff.
The fee schedule submitted by plaintiff to defendant includes a “guarantee” which provides that if termination of employment takes place “after the first two (2) weeks but prior to four (4) weeks after the beginning of employment, two thirds of the full fee shall immediately be refunded.”
Klein Brewer was employed at the Larder Restaurant for two weeks and two days and thus under the guarantee only one third of the usual fee would be payable to the employment agency. In this case since the agreed fee was $3,000, the amount due would be $1,000.
Employment agencies which do not charge job applicants a fee are free under the statute to charge employers whatever fee is agreed upon by the agency and the employer (General Business Law, § 185). The limits of section 186 of the General Business Law do not apply to such agreements as that section refers to charges made to both the employee and the employer. (Brown, Wood, Fuller, Caldwell & Ivey v Grey Personnel Agency, 77 Misc 2d 380.)
The schedule provides further that the “guarantee” is effective only if the full payment of the fee has been made within 14 days after receipt of the billing invoice. This is a rather severe provision. It would, in case of late payment, result in a liability for three times the amount of the fee when an employee leaves before four weeks have elapsed, or 10 times the fee when an employee leaves before two weeks have elapsed. “The law permits a man to make a contract which will result in a forfeiture; and when it is clear from the terms of the contract that the parties have so *698 agreed, the forfeiture will be enforced.” (10 NY Jur, Contracts, § 230.)
In the case at bar we have no testimony that Mr. Fuchs, with whom the hiring agreement was made, was aware of the “forfeiture” clause and agreed to it. Messrs. Wedl and Zenobio testified that they had received the fee schedule from plaintiff and had read it; however, such reading could not make the terms part of the agreement with Mr. Fuchs to refer Mr. Brewer.
Plaintiff shall have judgment against defendant for the sum of $1,000 — with interest from April 9, 1979, on Action No. 53949/79.