*629 OPINION OF THE COURT
Richard S. Lane, J.
In this action to recover $7,800 as an agreed on fee for services rendered by plaintiff employment agency, defendant moves to dismiss on various grounds as follows:
a) Inconvenient forum pursuant to CPLR 327;
b) Statute of Frauds — oral agreement not performable within one year — pursuant to section 5-701 (subd a, par 1) of the General Obligations Law;
c) Statute of Frauds — oral agreement to compensate for negotiating a business opportunity — pursuant to section 5-701 (subd a, par 10) of the General Obligations Law;
d) Illegality — fee charged in excess of amount allowed by statute — pursuant to section 185 of the General Business Law; and
e) Failure to state a cause of action by reason of lack of allegation that plaintiff is licensed as an employment agency in New Jersey.
„ On a motion to dismiss, the facts as alleged by plaintiff in its answers to written interrogatories must be accepted. Plaintiff is an employment agency licensed under the laws of New York and with its only place of business in New York City. Defendant is an interstate trucker with its principal place of business in New Bedford, Massachusetts, several terminals in New York State but none in New York City, and a terminal in Jersey City. Plaintiff initiated the contract in issue by phoning from New York to defendent in Jersey City to inquire whether plaintiff could recommend someone for manager of defendant’s Jersey City terminal. An affirmative answer and agreement on a fee schedule was received in a phone call between plaintiff in New York and defendant in New Bedford. The fee schedule was subsequently modified by the parties in person in Jersey City to the extent that the fee charged would in no event exceed the the amount due for an employee at $30,000 per annum. A person recommended by plaintiff was hired.
INCONVENIENT FORUM
Perhaps technically the locus contractus of this unilateral contract is in New Jersey. Perhaps, arguing on the head of *630 a pin, New Jersey is also the center of gravity of this contract. On the other hand, plaintiff is resident in and licensed in New York, and, with the exception of one trip across the Hudson to adjust the fee arrangement, everything plaintiff did both in negotiating and performing under this contract was done in New York.
 Accordingly, it cannot be said that the contract lacks a substantial nexus with New York. Nor can it be said that the balance weighs so heavily against New York and in favor of New Jersey as the most appropriate forum that plaintiff’s choice should be disturbed. (Silver v Great Amer. Ins. Co., 29 NY2d 356, 361; Bata v Bata, 304 NY 51, 56; Cives Corp. v William Corbitt, Inc., 63 AD2d 825, 826; Bader & Bader v Ford, 66 AD2d 642, 645; Traub v Robertson-American Corp., 82 Misc 2d 222, 231-232; Propulsion Systems v Avondale Shipyards, 77 Misc 2d 259, 363.) Furthermore, nine months in litigation here embracing significant motion practice and discovery proceedings points towards retention of jurisdiction. (Lemonis v Prudential Grace Lines, NYLJ, June 7, 1976, p 9, col 1.)
STATUTE OF FRAUDS
Clearly, defendant’s invocation of section 5-701 (subd a, par 1) of the General Obligations Law in support of its motion is inapposite. The agreement was capable of and indeed was fully performed within a year.
Turning to section 5-701 (subd a, par 10), perhaps, Webster’s would include employment in the ambit of “business opportunity” as a generic term. On the other hand both the language of the statute and its legislative history indicate a narrow objective to reach the services of business brokers — intermediaries who facilitate an existing commercial or industrial enterprise in changing hands or in the creation of a new enterprise. (Freedman v Chemical Constr. Corp., 43 NY2d 260, 266-267; Lounsbury v Bethlehem Steel Corp., 53 Misc 2d 151, 153-156.)
No case has been cited by counsel nor found by the court in which the statute has been applied to the services of employment agencies. The courts, on the contrary, have rejected such application when the issue has arisen. *631 (Saffer Assoc. v Phelps Mem. Hosp., NYLJ, June 11, 1976, p 7, col 5; Kane Assoc. v Samaritan Hosp., Civ Ct, New York County, Index No. 63046/74, Nov. 18,1974, affd App Term, Index No. 48059/75, March 12, 1975.) Both courts reasoned from the comprehensive regulatory scheme for employment agencies in sections 170-190 of the General Business Law pursuant to which only agreements between the agency and the aspiring employee are required to be in writing. I concur.
ILLEGALITY
Again defendant’s invocation of section 185 of the General Business Law in support of its motion is inapposite. That section specifically provides that, where an applicant is not charged any fee, as between the agency and the employer, the fee shall be as determined by agreement. The fee schedule only becomes relevant in the absence of agreement or alternative proof of the value of services rendered. (Robert Half, Inc. v Certified Mgt. Corp., 102 Misc 2d 317.)
FAILURE TO STATE A CAUSE OF ACTION
I have serious doubt as to whether New Jersey would apply its licensing statute to this case. (Saks Theat. Agency v Mentine, 24 NJ Misc 332). It would raise serious constitutional questions. In any event I reserve to the Trial Judge determination on all the proof of conflict of laws issues and of possible application of renvoi in the event it is determined that New Jersey law governs.
Motion denied.