OPINION OF THE COURT
Kristin Booth Glen, J.
This case involves a situation which frequently occurs, but which has apparently not been written about previously. It is hoped that this discussion of the relevant legal principles in this recurring fact pattern will help potential litigants resolve their differences without the necessity for protracted litigation.
In the instant case, an employer requested a licensed employment agency to supply it with a worker to fill a particular position. The agency complied, the individual sent to the employer worked for a short period of time, and then left of her own volition. The question is what fee, if any, is payable by the employer to the agency.
Normally, a question of this sort would be answered solely by reference to the agreement, if any, between the parties. Employment agencies are, however, a regulated business, so various provisions of the General Business Law are also operative, and may even be dispositive.
The plaintiff agency here, Career Blazers (the Agency) argued that its normal contract requires payment by the employer of 10% of the employee’s yearly salary — in this *48 case, $850. A representative of the agency testified that it had sent defendant Corporate Graphics (the employer) copies of its fee schedules and terms during the period in question. The witness also testified, however, that those terms were subject to negotiation, and had been altered in the past. The witness was not the person who spoke with the employer about the job in question, and indeed did not work at the agency at that time.
The employer, on the other hand, argued that its practice was only to pay a fee after a new employee had remained on the job for 30 days and evinced an intention to remain permanently. It is undisputed that the employee in question gave notice before the 30-day period had elapsed. It is also undisputed that, although the employer’s witness may have placed the job order, she had no conversation regarding specific terms of the fee or when it must be paid.
While there is no dispute that the employer (and not the employee) was responsible for any fee for placement in this case, each side relies on contract theory to support its position — the agency that $850 is owed; the employer, that nothing is owed. Based on the testimony and exhibits, I find that neither side has met its burden of proving the terms of the contract it argues binds the parties. There simply was no meeting of the minds about terms, so the agency’s request for compensation on the basis of quantum meruit remains the only issue to be determined.
It is here that the General Business Law provides guidance in resolution of the dispute. In regulating the employment agency field, the Legislature provided for maximum fees which agencies could charge either the employee, the employer, or both.[1] An employee may be held liable only where there is a signed, written agreement (General Business Law, § 185, subd 1). An agency may, however, make an oral agreement subject, however, to the maximum fee provisions of subdivisions 5 through 9 of section 185[2] and *49 that agreement is enforceable and not subject to the Statute of Frauds (General Obligations Law, § 5-701, subd a, par 2; Blaine Personnel v Lee Organization, 76 Misc 2d 110). Where there is no express agreement other than that a fee shall be paid, the inference is clear that subdivision 7 of section 185 functions as a kind of codified quantum meruit by again imposing a ceiling on what the agency may recover. Finally, that amount is even further circumscribed by subdivisions 3 and 4 of section 186 of the General Business Law which decrease the fees payable by employer or employee under various conditions of termination.
Subdivision 3 applies to employment “terminated without fault of the employee” while subdivision 4 speaks to termination “under any other circumstances”. A reasonable construction of section 186 as a whole suggests that subdivision 3 refers to termination by the employer, while subdivision 4 would encompass the action in the instant case — a decision by the employee to terminate.
Accordingly, the maximum fee which may be collected pursuant to these statutory limitations is 50% “of the salary or wages received” by the worker (General Business Law, § 186, subd 4)[3], or, in this case, $384.62.
In a posttrial memorandum, the defendant employer argues that because the employee worked less than a total of two months, the amount for which they are liable, if any, should be substantially less. This ignores the quantum meruit aspect of the fee obligation. The services rendered by the agency are completed at the time of referral of a qualified person who is hired by the employer, and who actually begins work. This is why the agency fee is ordinarily deemed earned at the time the employee is hired. (Wexler v Veerman, 276 App Div 1021; 19 NY Jur, Employment Agencies, § 18.)
The compensation due the agency should not turn on the length of time the employee has chosen to stay unless, of *50 course, the agency knows in advance that the person referred for a permanent job does not intend it as such.[4] Since agencies and employers are free to contract between themselves, about decreasing the employer’s obligation when an employee quits, the general rule should, in the absence of fraud, overreaching, or manifest injustice, be one which provides the maximum certainty. Accordingly, I find that where, as here, there is an agreement between the agency and the employer that the employer will pay the fee, and an agency refers a clerical worker for a permanent position, and where that worker is hired and satisfactorily performs the job until she or he voluntarily leaves, the agency is entitled to a fee of 50% of the wages received by the employee, not to exceed 60% of the first month’s wages.
Judgment for plaintiff in the amount of $384.62 plus interest and costs.

. These provisions have been upheld against constitutional challenge under the equal protection and due process clauses. (See Faingnaert v Moss, 295 NY 18; Turner Nurses Agency v State of New York, 17 Misc 2d 273.)

. The maximum fee provisions apply to certain specified classes of employees, and vary within those classes based on the employee’s monthly or yearly wages, and not upon whether she or he is paid on a commission basis. It is undisputed that the employee *49 placed here was a “Class B” or clerical employee whose maximum fee is governed by subdivision 7 of section 185.

. This section also provides that the amount may not be greater than that permitted in section 185; in the instant case the section 185 maximum is 60% of $769.24, or $461.54, an amount greater than the figure found under subdivision 4 of section Í86, $384.62.

. This is particularly true since the Legislature has already imposed limitations on what an agency may charge. Accordingly, the statute itself must be strictly construed in favor of the agency. (Blaine Personnel, supra; see Faingnaert v Moss, supra [predecessor statute].)