OPINION OF THE COURT
Robert D. Lippmann, J.
After a trial held on July 10, 1984, the court granted the parties leave to submit memoranda of law. Through inadvertence, we proceeded to a decision before the parties had an opportunity to fully complete their exchange and submit their papers to us. As a result, law relevant to the outcome of the case was not brought to our attention. Upon a reconsideration of the facts in the light of the applicable law, we recall our decision of July 27, 1984, wherein we erroneously held that a guarantee period is an essential term of an employment agency/employer contract.
The undisputed facts are as follows: Plaintiff, a placement agency (Agency) was requested by defendant employer to refer to it suitable applicants to fill the position of assistant comptroller. From those referred by the Agency, defendant hired an applicant at a yearly salary of $25,000. The agreed-upon fee was 25% of the successful applicant’s salary, that is, $6,250, the sum sued for herein. After 44 days, the employee failed to report to work.
The dispute centers around the guarantee period, that is, the period during which the employee may resign or be discharged, without the employer incurring liability for payment of a fee to *170 the Agency. The Agency claims the guarantee period was 30 days. Defendant, on the other hand, claims a 90-day period, a time period which parallels its company’s own internal probationary period, at the expiration of which an employee acquires permanent status. This policy was orally communicated to the Agency. The Agency, in response, remained silent and defendant relied upon the silence as a sign of agreement.
The court views defendants’ communication.as nothing more than a factual statement of its own policy regarding its own employees, who are mere third parties with respect to the agreement between the Agency and the employer. The communication was not offered as a proposal or counteroffer to extend the guarantee provision between the employer and the Agency. Moreover, the Agency’s silence cannot be relied upon as an acceptance by the employer.
Thus, the dispute is not whether the guarantee period is 30 or 90 days, but rather whether there was agreement on a 30-day period or, for failure to agree on 30 days, no guarantee period at all.
However, since the employee’s departure occurred after 30 days, whether there was no guarantee period or a 30-day guarantee period* the employer remains liable for payment of the placement fee, unless it can be said that the guarantee period is so essential a term of the contract that failure to agree thereon results in the failure of formation of an enforceable contract.
Subdivision 1 of section 185 of the General Business Law allows for free contractual agreement between licensed employment agencies and employers in those circumstances where, as here, the employer, rather than the employee, pays the placement fee. (Winston Personnel Agency v Abcon Inds., 108 Misc 2d 695; Hunt Personnel v Hemingway Transp., 105 Misc 2d 626; Costello Assoc, v Standard Metals Corp., 99 AD2d 227.) Where no agreement exists, the fee schedule in subdivision 7 of section 185 of the General Business Law determines the amount to be paid the agency by the employer. (Pilot Employment Serv. v Afro Int. Corp., NYLJ, Dec. 15, 1977, p 3, col 6 [App Term, 1st Dept]; Career Blazers Agency v Corporate Graphics, 111 Misc 2d 47.)
Subdivision 1 of section 185 of the General Business Law indicates that a fee is chargeable after the agency “has been responsible for referring such job applicant to an employer or such employer to a job applicant and where as a result thereof such job applicant has been employed by such employer.” A close reading of the language indicates that payment is due upon employment. There is no statutory requirement in article 11 of *171 the General Business Law for an employment agency to provide any guarantee period at all. (Half of N. Y. v Pacesetter Comm., Civ Ct, NY County, index No. 56230/80, 1982.) A review of decisional law has not produced any precedent for the proposition that a guarantee period is an essential term of a contract. What case law has insisted upon is that there be a request by an employer to an agency for referrals; that the Agency, in response to the request, make suitable referrals; that the employer hire an applicant sent by the Agency; that there be an agreement as to fee arrangements. (Costello Assoc, v Standard Metals Corp., supra.)
Guarantee periods are customary in the trade, but not legally required. They establish when payment is due or when payment is excused. As such, we agree with the plaintiff, they are conditions subsequent, that is, they act to release one party upon a specific event from liability for payment under a contract. Absent a guarantee period, a fee is owed upon employment.
Defendants admit that the Agency performed a service for defendant at defendant’s request at an agreed-upon fee. Having entered into an agreement with plaintiff and reaped the benefits of plaintiff’s services, defendant must now live up to its own end of the contract by paying the agreed-upon fee.
Judgment for plaintiff.