OPINION OF THE COURT
Michael D. Stallman, J.
In this contract action for an employment agency fee, defendant moves for summary judgment. Defendant’s assertion of illegality compels analysis of recent amendments to the statutory scheme which regulates employment agencies. (General Business Law, art 11, § 170 et seq.) Specifically, may an employer avoid paying an agency commission solely because the agency was not licensed?
Plaintiff, an "employer fee paid” employment agency, derives its income exclusively from the employers to whom plaintiff refers prospective employees. Defendant hired a receptionist through plaintiff. Plaintiff and defendant agree that they contracted orally, and that defendant agreed to pay plaintiff a fee, but they dispute the terms and conditions of the contract, including, inter alla, the percentage of plaintiff’s commission and conditions precedent to entitlement. Plaintiff was not licensed at the time of the transaction. No contract term was reduced to a signed writing.
Defendant contends that the contract is void because plaintiff was not licensed as an employment agency. The General Business Law and the RCNY generally require that employment agencies located in New York City be licensed by the Department of Consumer Affairs. (General Business Law § 172; 6 RCNY ohs 1, 5, subch M.) However, General Business Law § 171 (2) (e) (4) and § 191, as amended in 1988, exempted from licensing, inter alla, "employer fee paid” employment agencies that place "Class B” employees for hire. (L 1988, ch 617, §§ 2, 9.) Under General Business Law § 191 (as amended by L 1988, ch 617, § 9), an employer fee paid employment agency is defined as: "any person who on behalf of employers procures or attempts to procure employees for 'Class B’ employment (as defined in section one hundred eighty-five of this article) and who in no instance charges a fee directly, or indirectly, to persons seeking such employment even though a fee may be charged to employers seeking the services of such employees, and who engages in no activity constituting the operation of an employment agency as defined in section one hundred seventy-one of this chapter and who in no instance *548 enters into any arrangement through which the employer fee paid employment agency receives remuneration or any other thing of value from any person, firm or corporation which collects fees from applicants.”
Under General Business Law § 185 (4), "Class B” employees include those engaged in "commercial, clerical, executive, administrative and professional employment, all employment outside the continental United States, and all other employment not included in classes 'A’, 'Al’, 'C’ and 'D\” Plaintiff has demonstrated as a matter of law that it is an employer fee paid agency as defined by law. It presents uncontroverted evidence that its income is derived exclusively from employers for placing "Class B” employees like the receptionist here. Plaintiff’s undisputed evidence indicates that it does not charge employees for their placement.
Defendant relies on two cases decided before the 1988 statutory amendments, Friedkin v Harry Walker, Inc. (90 Misc 2d 680 [1977]) and Dorrell Assocs. v Urb Prods. Corp. (67 Misc 2d 716 [1971]). Both cases are legally and factually inapposite to the situation at bar. The manifest purpose of General Business Law § 191, as amended in 1988, was to exclude an employer fee paid employment agency like plaintiff from General Business Law § 185 licensing requirements. (See, Sen Kehoe in support of L 1988, ch 617, 1988 NY Legis Ann, at 246, 247.) The defendant in Friedkin was a theatrical booking agent not exempt from the statutory licensing requirement. (90 Misc 2d, at 682.) Dorrell concerned the placement of a high level manager, not a "Class B” employee like the receptionist placed in the instant case. Unlike plaintiff here, who did not charge a fee to the employee whom it placed with defendant, the agency in Dorrell charged the employee a fee for its services. (67 Misc 2d at 718.)
The licensing requirement and other statutory restrictions on employment agencies were intended to protect the employees being placed; they do not inure to the benefit of a corporation, such as defendant, that has contracted with an agency and accepted placement of an employee. (Costello Assocs. v Standard Metals Corp., 121 Misc 2d 282, 288 [1983], mod on other grounds 99 AD2d 227 [1984].) Thus, even if plaintiff were not covered by the General Business Law § 191 exemption, defendant would have lacked standing to raise the licensing requirement as a defense to the contract.
The entire regulatory scheme must be viewed in the context *549 of its employee-protective purpose. It is thus clear why the Legislature decided to exempt employer fee paid agencies from the licensing requirement and, thus, from the regulated fee structure, since the statutory fee structure is applicable only to agencies subject to licensure. Since employer fee paid firms receive no compensation from the employees placed, the Legislature determined that protection of those employees did not require public regulation of the fees charged to employers.
Thus, an employment agency that does not charge job applicants a fee may charge an employer whatever fee the agency and employer agree upon. (See, Sen Kehoe, op. cit.) The fee is not subject to limitation by the statutory schedules. (See, General Business Law § 185 [1]; Winston Personnel Agency v Abcon Indus., 108 Misc 2d 695, 697 [1980].) Rather, the parties’ agreement is governed by accepted common-law principles of contract law.
Defendant’s motion for summary judgment dismissing the complaint is accordingly denied.
Plaintiffs motion for summary judgment or an assessment of damages is denied. The parties’ conflicting accounts make it clear that there are triable factual questions relating to the contents of the oral contract, its enforceability, plaintiffs performance and defendant’s liability, if any. Consideration of damages is premature at best, because it would presuppose liability. (See, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:26, at 331-332 [1992].)
Neither motion raised or addressed the Statute of Frauds, pleaded as a defense in defendant’s answer; this defense therefore remains for trial.
[Portions of opinion omitted for purposes of publication.]