OPINION OF THE COURT
Karen S. Smith, J.
Plaintiffs motion for summary judgment is granted.
*870 Plaintiff is an employment referral agency who sues defendant to recover a fee plaintiff claims it earned by referring, at defendant’s request, an applicant to defendant, whom defendant eventually hired. The undisputed facts in the case show that plaintiff referred two applicants to defendant for the position of Assistant Comptroller. Defendant hired one of the applicants for the position of Assistant Comptroller and offered the other applicant a position as Financial Manager and Assistant Vice-President, which she turned down. The plaintiff was paid a fee by the defendant for the referral of the applicant who accepted the Assistant Comptroller position. The second applicant, who turned down the position as Financial Manager and Assistant Vice-President, contacted the defendant some months later on a matter unrelated to the employment offer which had been made. As a result of further contact she had with a representative of the defendant she accepted the original position offered as a Financial Manager and Assistant Vice-President 10 months after she initially refused it. The applicant accepted the position at the same salary she was originally offered but with a change in some of the original duties. Plaintiff demanded a fee for this referral, which defendant refused to pay. Plaintiff now moves for summary judgment on the complaint seeking payment for the referral of the second applicant.
The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence in an admissible form to demonstrate the absence of any material issues of fact (Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Once the movant has made such a showing the burden shifts to the party opposing the motion to produce evidence in an admissible form sufficient to establish the existence of any material issues of fact requiring a trial of the action (Zuckerman v City of New York, 49 NY2d 557 [1980]).
In support of its motion for summary judgment, plaintiff attaches the affidavit of the president of the plaintiff who was directly involved with the referral of these two applicants, copies of interrogatories served on the defendant by the plaintiff and defendant’s answers to the interrogatories, the verified answer, copies of prior fee agreements between the parties for prior referrals of applicants, and an affirmation by plaintiff’s attorney. In addition to the undisputed facts provided above, plaintiff claims that the second applicant recontacted the defendant to resume negotiations for the position she had declined to accept, at plaintiffs urging. Plaintiff also asserts *871 that the parties had a fee agreement as demonstrated by the agreement in a prior referral attached to the motion papers and by defendant’s admission in paragraph 3 of defendant’s answer that “Defendant agreed to pay a fee to the Plaintiff in the amount of 25% of the starting annualized wage of candidates referred by the Plaintiff who fit within the scope and terms of the agreement between Plaintiff and Defendant.”
In order for an employer to be liable to an employment agency for a referral there must be (1) a request by an employer to an agency for referrals; (2) the agency, in response to the request, must make suitable referrals; (3) the employer must hire the applicant sent by the agency; and (4) there must be an agreement as to the fee for the service (Robert Half of N. Y. v Levine-Baratto Assocs., 126 Misc 2d 169, 171 [Civ Ct, NY County 1984]). The court finds that based on the submissions provided by the plaintiff including defendant’s answers to plaintiff’s interrogatories, which are summarized in paragraph 23 of the affidavit of Amos Weinberg, plaintiff has shown the elements required to obtain a referral fee from the defendant and has thus demonstrated its entitlement to summary judgment as a matter of law.
The burden now shifts to the defendant, who in order to defeat this motion must show that there are issues of fact which require a trial. In support of its opposition to plaintiff’s motion for summary judgment, defendant attaches the affidavit by an employee of the defendant, the second applicant, and an affirmation by defendant’s attorney. Defendant claims that plaintiff is not entitled to the referral fee for the second applicant who accepted the position as Financial Manager and Assistant Vice-President as (1) the defendant never asked the plaintiff to refer anyone for the positions filled by the applicants referred by the plaintiff, in particular the position for which the second applicant was hired, but merely advertised for the positions in the newspaper; (2) the job for which she was originally referred by plaintiff was for Assistant Comptroller, a different position than the one for which she was hired; (3) the applicant’s hiring was unrelated to the referral by the plaintiff and came about solely as a result of contact initiated by the applicant herself; (4) the custom and practice in the industry does not require an employer to pay an agency for a referral of someone hired more than six months after the initial referral; and (5) there was no agreement as to the amount for the referral fee, especially as the defendant had already paid a referral fee for the applicant who accepted the position as Assistant Comptroller.
*872 The first point raised by the defendant is contradicted by the fifth point insofar as defendant’s payment to the plaintiff for referral of the first applicant serves as a recognition, and thus an admission, of plaintiffs right to such a fee for said services. No cases were cited by the defendant, nor found by the court, to suggest that the request for a referral need be in writing. Nor does defendant, by placing an ad in the paper for the position, negate the services by the plaintiff, once those services are accepted. That the second applicant was hired for a position other than the one for which she first applied (objection No. 2) does not abrogate a fee arrangement between an employer and an employment agency (Robert Half Personnel Agencies v Certified Mgt. Corp., 102 Misc 2d 317 [App Term, 1st Dept 1979]). As for objection number three, while there seems to be a discrepancy between the facts as presented by the plaintiff and the defendant as to who was the catalyst and driving force behind the second applicant’s second contact with the defendant which resulted in her hiring, the undisputed fact remains that no one other than the plaintiff introduced the second applicant to the defendant, and that but for plaintiffs referral of the applicant the defendant would not have come into contact with the applicant. Even the application by the second applicant for the job for which she was hired (attached by the defendant as document No. 14 to defendant’s opposition papers) lists the plaintiff as the party who referred her for the position.
In support of objection number four, defendant submits the affidavit of its employee who claims, based “on his experience in the employment field for the past 28 years,” that: “it is the general custom and practice in the agency community that a resume supplied by an agency will be deemed ‘protected’ for a certain period after it is submitted to a prospective employer. The implication of this custom and practice is that a referring agency would not be entitled to a placement fee in any amount if the employment of the prospective candidate is effected more than six months after the referral.”* Putting aside the failure by the defendant to specify the basis for the affiant’s expertise other than his unsubstantiated assertion, the defendant fails to present any evidence that this “custom and practice” was *873 discussed with the plaintiff or known by the plaintiff at the time the parties either entered into the agreement for the services, or when the services were provided and accepted. Absent proof that this six-month limitation was part of either the agreement or the negotiations for the agreement, the parties cannot now impose this limitation.
As for defendant’s fifth and final objection, the admission by the defendant in paragraph 8 of the affidavit of defendant’s employee, Kenneth Robinson, that he “did offer to pay a fee to the plaintiff in an unspecified amount in the event Ms. Rogers [the second applicant herein] accepted the position under consideration [the position as a Financial Manager and Assistant Vice-President] ” coupled with the admission in paragraph 3 of defendant’s answer (referred to above) that the parties had a specific fee, demonstrates that there are no issues of fact in this regard either. That defendant paid the plaintiff for the referral of the first applicant does not deprive the plaintiff of its entitlement to an agreed-upon fee for a separate and distinct applicant who was also referred by the plaintiff, was found to be suitable (albeit for a different position), and was eventually hired. The hiatus in the period of time between when the second applicant was first offered the position and the time she accepted the position at the same salary as originally offered, with increased responsibilities (which she states in her affidavit was one of the stumbling blocks to her accepting the original offer), is nothing more than part of the process of negotiations.
There being no material facts in dispute that are relevant to the legal requirements for this action, the court grants the plaintiff’s motion for summary judgment. The clerk shall enter judgment in favor of the plaintiff as against the defendant for $35,000 with interest from the date the second applicant accepted the job with the defendant on July 21, 1997.

 Defendant in further support of this proposition on the six-month limitation on a referral cites to an unreported case it fails to attach to its papers (Mitchell & Co. v Aetna Life & Cas.). The court was not able to obtain a copy of this case and thus did not consider this case in support of defendant’s claim.