OPINION OF THE COURT
Memorandum.
Judgment unanimously modified by increasing the amount of the award to $2,015, and, as so modified, affirmed without costs.
Appeal from decision unanimously dismissed.
In order to establish entitlement to recover employment agency fees, the case law has “insisted upon * * * a request by an employer to an agency for referrals; that the Agency, in response to the request, make suitable referrals; that the employer hire an applicant sent by the Agency; that there be an agreement as to fee arrangements” (Robert Half of N. Y. v Levine-Baratto Assocs., 126 Misc 2d 169, 171, citing Costello Assocs. v Standard Metals Corp., 99 AD2d 227).
It is uncontroverted upon this record that plaintiff, an employment referral agency, referred applicant Edith Lauder to defendant, at defendant’s request, for the position of accounting manager/comptroller, and that approximately three weeks after defendant interviewed Lauder, it hired her for a position designated as systems coordinator for ADP Communications, at an annual salary of $40,300. Contrary to defendant’s contention, the fact that Lauder was hired at a lower salary for a different position than what she was originally referred for does not defeat plaintiff’s entitlement to recover its agency fees (see, Macro Group v Swiss Re Life Co. Am., 178 Misc 2d 869; see also, Robert Half Personnel Agencies v Certified Mgt. Corp., 102 Misc 2d 317). Moreover, even if Lauder was hired after she contacted defendant, this occurred subsequent to the initial interview with defendant which took place as a result of the original referral by plaintiff, and cannot constitute an attenuating circumstance absolving defendant of its liability (see, Macro Group v Swiss Re Life Co. Am., supra).
The sole issue remaining' is the existence of an agreement and the appropriateness of the amount of the award. Delivery of a letter setting forth the fee and proof of receipt entitles the agency to a fee (see, Costello Assocs. v Standard Metals Corp., 99 AD2d 227, supra). While an agreement between an agency and an employee must be in writing, an oral agreement be *813 tween an agency and an employer is enforceable and not subject to the Statute of Frauds (see, Career Blazers Agency v Corporate Graphics, 111 Misc 2d 47; see also, Howard-Sloan Legal Search v Todtman, Young, Tunick, Nachamie, Hendler & Spizz, 193 AD2d 404; Hunt Personnel v Hemingway Transp., 105 Misc 2d 626, 628). Further, where there is no express agreement as to the amount of the fees, the employment agency is entitled to recover on a quantum meruit basis (see, Career Blazers Agency v Corporate Graphics, supra, at 48) subject to the fee schedule set forth under subdivisions (5) through (9) of General Business Law § 185 (Career Blazers Agency v Corporate Graphics, supra, at 48-49; see also, Robert Half of N. Y. v Levine-Baratto Assocs., supra, at 170, citing Pilot Empl. Serv. v Afro Intl. Corp., NYLJ, Dec. 15, 1977, at 6, col 3 [App Term, 1st Dept]; Robert Half Personnel Agencies v Certified Mgt. Corp., supra, at 318).
There is no basis upon this record to disturb the trial court’s finding that the parties entered into an oral agreement. The evidence at trial, however, fails to establish the existence of an agreement between the parties as to the fees payable to plaintiff. Therefore the plaintiff’s compensation is to be determined on a quantum meruit basis subject to the statutory fees as set forth under subdivisions (4) and (7) of General Business Law § 185 (see, Career Blazers Agency v Corporate Graphics, supra, at 48-49). Since Lauder’s employment is within the categories set forth under class B, we find that under the circumstances plaintiff is entitled to a fee of $2,015.
We note that no appeal lies from a decision.
DiPaola, P. J., Palella and Doyle, JJ., concur.