OPINION OF THE COURT
Per Curiam.
Judgment entered November 17, 1999 reversed, with $25 *504 costs, and judgment is granted to plaintiff in the principal sum of $10,000, with interest and costs.
This is an action by an employment search firm for a placement commission. It is not disputed that plaintiff’s entitlement to such commission is conditioned upon the defendant’s employment of the placed employee for the duration of a 30-day “guarantee” period. It is also undisputed that the placed employee commenced his employment with defendant on Monday, October 27, 1998, and remained continually employed and present at the work place through Wednesday, November 25, 1998. The next day, Thursday, November 26, was Thanksgiving. The trial court, to whom the matter had been referred after the grant to plaintiff of partial summary judgment on liability, dismissed the complaint on the ground that the employee was not shown to have been in defendant’s employ for 30 days.
We reverse. In determining the prior motion, the court (Ling-Cohan, J.) noted defendant’s sworn admission that the employee “abandoned his employment as of November 30, 1998, when he did not show when scheduled to work.” The same affiant later testified similarly at trial that it was not until “Monday [Nov. 30th] and Tuesday [Dec. 1st] in fact [that] I made numerous calls to [the employee’s] home.” Thus, it was established below that defendant did not expect the employee to return until Monday, November 30th, and the employee’s abandonment was neither apparent nor unequivocal before November 30th. Since the employee was not expected to return to work until November 30, the only permissible inference is that the employee was allowed by defendant to take the Friday after Thanksgiving, November 27, as a vacation day along with Saturday the 28th, and Sunday the 29th.
Under General Construction Law § 20, holidays, Saturdays and Sundays are included in time computations where, as here, the period in question exceeds two days. Excluding the employee’s start date, October 27, as required by the statute, and including the intervening period from Wednesday, November 25, through Sunday, November 29, 1998 — the last day before the Monday on which the employee was expected to report back to work and failed to do so — the period of employment is 33 days. Civil Court therefore erred in concluding that the candidate had not been shown to have been employed by defendant for 30 days.
McCooe, J. P., Davis and Suarez, JJ., concur.