OPINION OF THE COURT
Memorandum.
Order insofar as appealed from unanimously affirmed without costs.
*493 The trial court properly denied plaintiffs motion for summary judgment. As this court stated in Arrow Empl. Agency v Rice Buick-Pontiac-GMC Truck (185 Misc 2d 811, 812 [App Term, 2d Dept]): “In order to establish entitlement to recover employment agency fees, the case law has ‘insisted upon * * * a request by an employer to an agency for referrals; that the Agency, in response to the request, made suitable referrals; that the employer hire an applicant sent by the Agency; that there be an agreement as to fee arrangements’ (Robert Half of N. Y. v Levine-Baratto Assocs., 126 Misc 2d 169, 171, citing Costello Assocs. v Standard Metals Corp., 99 AD2d 227).” General Business Law § 185 (1) provides in pertinent part that “[t]he fees charged to employers by any licensed person * * * where the applicant is not charged a fee shall be determined by agreement between the employer and the employment agency.” In the absence of an express agreement as to the amount of the fees, an employment agency is entitled to recover on a quantum meruit basis subject to the fee schedule set forth under subdivisions (5) through (9) of General Business Law § 185 (Arrow Empl. Agency v Rice Buick-Pontiac-GMC Truck, supra). Insofar as Half Personnel Agencies v Certified Mgt. Corp. (102 Misc 2d 317, 318) holds that recovery by an employment agency in quantum meruit is not subject to the statutory schedule upon “alternative proof of the value of the services rendered,” we decline to follow it.
In the instant case, the parties’ motion papers raise issues of fact as to the terms of the parties’ agreement and whether plaintiff referred a suitable candidate for the position of executive secretary, thus precluding summary judgment at this juncture of the proceedings. We note that pursuant to General Business Law § 171 (2) (e) (4), an “employment agency” does not include an “employer fee paid employment agency” defined and regulated by General Business Law §§ 191-193. Therefore an “employer fee paid employment agency” is not subject to the licensing requirement for employment agencies (see, Linwood Consultants v Frank Assocs., 161 Misc 2d 546), or the statutory fee schedule set forth under General Business Law § 185.
DiPaola, P. J., Floyd and Doyle, JJ., concur.