OPINION OF THE COURT
Jo Ann Friia, J.
Plaintiff, a temporary employment agency, moves pursuant to CPLR 3212 for an order granting summary judgment in the amount of $9,320.20 based upon breach of a time sheet agreement. For the reasons that follow, partial summary judgment is granted in favor of plaintiff on the issue of liability. The balance of the motion is denied in its entirety.
It is well settled that a proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any material issues of fact from the case (Cox v Kingsboro Med. Group, 88 NY2d 904 [1996]). Once the proponent has established its prima facie case for summary judgment, the nonmoving party must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact (Winters v Menowitz, 226 AD2d 451 [2d Dept 1996]). It is issue finding, as opposed to issue determination, which is the key to summary judgment and papers must be scrutinized carefully in a light most favorable to the nonmoving party (Ptasznick v Schultz, 223 AD2d 695 [2d Dept 1996]).
Upon the evidence submitted, the following facts are uncontroverted. In November 2001 defendant contacted plaintiff and requested the services of a temporary receptionist. In response to defendant’s request, plaintiff assigned John Novo (hereinafter Novo). Thereafter, defendant’s authorized agent signed two time sheets reflecting Novo’s total hours worked. In or about January 2002 defendant hired Novo outside of his temporary assignment and without plaintiffs permission.
In support of the motion, plaintiff relies upon the express terms set forth in the time sheet as a basis for recovery. The face of the time sheet states in relevant part as follows: “By execution of this form, client certifies that hours shown are correct; work was done satisfactorily and that client agrees to the terms and conditions on the reverse side of this form.”
The reverse side of the time sheet states in pertinent part as follows:
“Client agrees not to directly or indirectly offer to *520 hire, hire or engage as an independent contractor any temporary employee assigned to client by Career Blazers for a period of 90 days after completion of the temporary employee’s assignment, or permit or cause any such temporary employee to be placed on the payroll of any other firm for a like period, without the express written permission of Career Blazers. In the event client violates this paragraph, client promises to promptly pay to Career Blazers, as liquidated damages and not as a penalty, the sum of three thousand dollars ($3,000.00) or a charge which shall be a percent of employee’s annualized salary (hourly wage times 37.5 times 52); such percent to be computed by dividing such salary by $1,000, whichever sum is greater * * * .”
In opposition to the motion, defendant argues that the operative language on the reverse side of the time sheet is concealed, extremely small and barely legible. As such, it is defendant’s contention that the provision is unenforceable.
Contrary to the argument advanced by defendant, this case does not fall within the scope of a consumer transaction. Therefore, “defendant cannot be heard to complain that the time sheet agreement allegedly contained illegible small print.” (Robert Half Intl. v Bell Tech. Group, NYLJ, May 22, 2000, at 24, col 5 [App Term, 1st Dept]; Snelling Personnel Seros, v Sakar, Ltd., NYLJ, Jan. 27, 2000, at 32, col 1 [Nassau Dist Ct]; CPLR 4544.) Furthermore, although the print on the reverse side of the time sheet is small, it is neither concealed nor illegible. In fact, it is entirely readable (see Gillman v Chase Manhattan Bank, 135 AD2d 488 [2d Dept 1987]).
Defendant also asserts that it should not be liable for liquidated damages because Novo was ultimately hired as a mortgage sales representative. It is well settled that an employer’s decision to hire an employee at a lower salary and for a different position than that for which he was originally referred does not abrogate an employment agency’s entitlement to recover under an enforceable fee arrangement (see Arrow Empl. Agency v Rice Buick-Pontiac-GMC Truck, 185 Misc 2d 811 [App Term, 1st Dept 2000]; Half Personnel Agencies v Certified Mgt. Corp., 102 Misc 2d 317 [App Term, 1st Dept 1979]). Accordingly, the fact that Novo was originally assigned temporary receptionist duties and later hired as a home mortgage sales representative does not defeat the original fee arrangement between the parties.
*521 It is also argued that defendant never solicited Novo for employment outside of his temporary assignment. Rather, it is stated that Novo approached the defendant at the conclusion of his temporary assignment and requested that he be considered for the position of mortgage sales representative. This argument is unavailing. An employment agency’s fee is due regardless of whether the applicant subsequently solicited the employer or the employer solicited the applicant (see Macro Group v Swiss Re Life Co. Am., 178 Misc 2d 869 [Civ Ct, NY County 1998]).
Time sheet agreements are enforceable (Half Intl. v Jack V. Valentine, Inc., 157 Misc 2d 318 [Civ Ct, NY County 1993]). Once an authorized agent signed the time sheet agreements, defendant was conclusively bound by the terms contained therein (Newmark & Lewis v Olim Realty Corp., 109 AD2d 737 [2d Dept 1985]). Having failed to raise a triable question of fact on the issue of liability, judgment shall enter accordingly.
In its effort to recover damages, plaintiff argues that Novo was employed by defendant at a starting “annualized salary” of $40,000. In opposition, defendant argues that Novo was hired as a nonsalaried, commissioned employee. Based upon this distinction, defendant contends that the liquidated damages provision is ambiguous and therefore precludes the recovery sought.
The gravamen of plaintiff’s action, and the only theory of recovery advanced on this motion, is based upon Novo having received an alleged salary and defendant’s liability for a percentage-based fee of the “annualized salary” as set forth on the reverse side of the time sheet agreement. Relying upon the computation formula stated in the time sheet agreement, plaintiff seeks to recover $9,320.20.* It is plaintiff’s position that this amount represents the percentage of “annualized salary” recoverable as liquidated damages under the time sheet agreement.
The term salary has been defined as “a fixed periodical compensation paid for services rendered.” (Black’s Law Dictionary 1337 [6th ed 1990].) Commission has been defined as “[t]he recompense, compensation or reward of an agent, salesman, executor, trustee, receiver, factor, broker, or bailee, when the same is calculated as a percentage on the amount of his *522 transactions or on the profit to the principal.” (Black’s Law Dictionary 272 [6th ed 1990].) In a case commenced to recover damages for an employee’s breach of fiduciary duty, the Appellate Division has referred to each of the above terms in a separate and distinct fashion (see Bon Temps Agency v Greenfield, 184 AD2d 280 [1st Dept 1992]).
Although there is no question that defendant breached the terms of the time sheet agreement, issues of fact do exist regarding the measure and extent of damages to which plaintiff may be entitled. On this point, the court finds that the liquidated damages provision would not constitute an unenforceable penalty on its face or as applied to the annual salary of an employee who is wrongfully hired. This is so notwithstanding that Novo was employed as a mortgage sales representative for only six weeks (see Marshall-Alan Assoc. v Warwick Hotel, 187 Misc 2d 503 [App Term, 1st Dept 2000]; Half of N.Y. v Levine-Baratto, 126 Misc 2d 169 [Civ Ct, NY County 1984]).
However, unlike the typical case where an employee’s projected annual salary is readily ascertainable based upon his/her fixed wage, the fact that defendant alleges Novo was hired as a nonsalaried, commissioned employee raises a question regarding fee computation. While the plain meaning of the word salary suggests that plaintiff’s theory of recovery may not encompass the alleged facts of this case, the evidence presently before the court raises a triable issue as to whether Novo was compensated with a salary or simply received a commission for his services.

 In its reply papers, plaintiff has consented to reduce its ad damnum to • $9,320.20. This new amount comports with defendant’s contention regarding an error in the computation of Novo’s compensation.