JULIUS PEZENIK, Appellant, *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, May 28, 1931.

William L. Greenfogel [J. M. Cohen of counsel], for the appellant. Herman Lenitz, for the respondent.

PER CURIAM. The decision in Comey v. United Surety Co. (217 N. Y. 268), that the short Statute of Limitations contained in the bond therein was not a defense, was not based on a determination that the date from which the period of limitation ran was indefinite. Rather, the court held that by the language of the bond the limitation applied only to claims arising after completion of the work and that, therefore, it did not bar a cause of action for damages for refusal to complete the work. We find that the limitation in the instant bond likewise applies only to claims arising after completion of the work. While the date of the commencement of the period of limitation is more specific in the present bond, this does not alter such finding. In view of the fact that the appellant herein had already obtained judgment against the principal for the amount now sought against the surety, the failure to join the principal as a party in the present action was no defense.

Judgment reversed, with costs, and judgment directed for plaintiff for the sum of $2,746.15, with interest from February 16, 1926, and costs.

All concur; present, CALLAHAN, FRANKENTHALER and UNTERMYER, JJ.