Joseph Life, J.
Motion by defendant for an order pursuant to CPLR 3211 (snbd. [a], par. 5) dismissing this action for the reason that it is barred by the two-year limitation contained in the performance bond, is denied.
This action is brought to recover on a performance bond issued to indemnify the plaintiff against loss or damage which might be suffered as a result of the failure of Tri-Star Builders, Inc., a subcontractor, to perform its obligations under the subcontract. Plaintiff alleges that Tri-Star Builders, Inc. abandoned its work on the project on October 18, 1966. Defendant, conceding that this action was commenced on October 10, 1972, asserts that since it was commenced more than two years after April 6,1967, the date on which it is alleged the final payment was due under the subcontract, the action is barred by the two-year limitation contained in the performance bond.
This action was begun when the defendant moved to dismiss an earlier action claiming improper service. Mr. Justice Pantano, by order dated December 1, 1972, referred the determination of that motion to the trial court.
The performance bond in pertinent part provides that ‘ ‘ Any suit under this bond must be instituted before the expiration of two years from date on which final paynlent under the subcontract falls due.”
Parties by written agreement may provide a shorter time for the commencement of an action than is prescribed by statute (CPLR 201) provided that it is reasonable (Planet Constr. Corp. v. Board of Educ. of City of N. Y., 7 N Y 2d 381, 385). However, such “ limitations are not looked upon with favor, since they are in derogation of the statutory limitation. Hence, they should be construed with strictness against the party invoking them.” *744 (2 Carmody-Wait 2d, New York Practice, § 13:6; 35 N. Y. Jur., Limitations and Laches, § 5).
Since Tri-Star Builders, Inc. allegedly failed to complete its work under the subcontract the final payment never became due. Ergo there was no date from which the two-year period of limitation could be measured. In Comey v. United Sur. Co. (217 N. Y. 268, 277), Judge Gardozo stated that: “ In this situation the contractual limitation must be held to be inapplicable. A cause of action to recover damages for refusal to complete the work cannot be subject to a limitation which assumes completion of the work. * * But here the plaintiff’s grievance is a total abandonment. His cause of action was not postponed until completion, did not depend upon completion, and ought not to be affected by a limitation which postulates completion. The language of the bond is the defendant’s; the general law of limitations is not to be readily displaced; and words of doubtful meaning must be construed in favor of the plaintiff”. (See, also, Pezenik v. Massachusetts Bonding & Ins. Co., 140 Misc. 297.) By a parity of reasoning the two-year limitation contained in the performance bond sub judice has no application since the final payment never became due (cf. Tucker Paving Corp. v. Armco Steel Corp., 242 Ark. 49).