■ A & Z APPLIANCES, INC., Respondent, v ELECTRIC BURGLAR ALARM CO., INC., Appellant. — Appeal by defendant from an order of the Supreme Court, Queens County (Rosenzweig, J.), dated January 4, 1982, which, *inter alia,* denied its motion for summary judgment. Order affirmed, with $50 costs and disbursements. The exculpatory provisions of the agreement for burglar alarm service, prepared and furnished by the defendant supplier, are set forth on the reverse side of a single sheet contract and are not incorporated by reference on the face sheet. The face sheet provides for the installation of supplier's instruments and wiring "as per schedule annexed" and for the supplier to furnish burglar alarm service "(subject to the terms and conditions endorsed hereon which are hereby made a part of this agreement)". The face sheet includes a space for the signature of the subscriber and the acceptance and agreement of the defendant supplier. Below the signatures, under the caption "SCHEDULE OF WORK TO BE DONE", is written the description of items to be installed. On the reverse side there are six separate numbered "TERMS AND CONDITIONS referred to in and made part of this agreement". At the top of the reverse side there are included four separate unnumbered exculpatory clauses. The supplier which prepared and furnished the form contract has a heavy burden to establish the exculpatory clauses as part of the contract (see 3 Corbin, Contracts, § 559A). It is a canon of contract construction that a form contract will be construed most strongly against the party who prepared it (*Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342). A cardinal principle governing construction of contracts is that the entire contract must be considered, and, as between interpretations of an ambiguous term, that interpretation will be chosen which best accords with the sense of the remainder of the contract (*Rentways, Inc. v O'Neill Milk & Cream Co., supra*). Based upon a review of the entire contract, including the provisions appearing before the signatures of the parties, there is clearly a factual issue as to the validity of the exculpatory clauses, thus precluding granting summary judgment to the supplier contractor which prepared the contract. The validity of exculpatory

clauses is subject to the requirement "that the limitation be not so obscured * * * as to make it probable that it would escape plaintiffs' attention" (*Florence v Merchants Cent. Alarm Co.,* 51 NY2d 793, 795). O'Connor, J. P., Bracken, Niehoff and Boyers, JJ., concur.