■ SHIRLEY WING, Respondent-Appellant, v ROBERT J. WING, Appellant-Respondent.—In an action, inter alia, to recover arrears and increase future alimony and child support payments, the defendant husband appeals from so much of an order of the Supreme Court, Dutchess County (Rosenblatt, J.), entered February 17, 1984, as, after a hearing, ordered him to

increase his monthly alimony and child support payments. The plaintiff wife cross-appeals from so much of the same order as denied her application for arrears.

Order modified, on the law, by deleting all the provisions thereof, except that which denied the plaintiff's application for arrears, and complaint dismissed. As so modified, order affirmed, with costs to the defendant.

In 1977, the parties entered into a separation agreement which, in relevant part, provided for alimony and child support payments at base amounts determined according to defendant's then-current net monthly salary. Paragraph 13 of the agreement also contained an escalation clause which read: "The husband shall also pay to the wife an additional monthly sum, effective upon execution of this agreement, representing a percentage of the husband's increased earnings, whether from cost of living increases or merit promotions".

Plaintiff commenced this action in 1982, *inter alia,* to recover arrears and increase future alimony and child support payments, claiming that the escalation clause should not be limited to the expressly included salary increases, but that it should be interpreted, in effect, to read "included but not limited to" so that it would include all increases, from whatever source, in defendant's salary. She contended that her interpretation would be more consistent with the contingent future alimony and child support provisions of paragraphs 11 and 12 of the agreement. The provisions called for defendant to pay "25% of his gross salary minus only Federal and State income taxes" in the event that defendant was only required to pay alimony and the same percentage of his gross salary if he was only required to pay child support. Following a hearing at which both parties testified, plaintiff was granted an increase in support, but arrears were denied upon equitable grounds. We now modify the order appealed from.

Read separately, the escalation clause clearly gives plaintiff the right to receive a percentage of defendant's cost of living and merit increases only. While the court should not undertake construction of an unambiguous contract, the question of whether or not ambiguity exists must be determined by reading the agreement as a whole (*see, A & Z Appliances v Electric Burglar Alarm Co.,* 90 AD2d 802). The possible inconsistency between the various alimony and child support provisions justified the court's examination of extrinsic evidence in ascertaining the true intentions of the parties (*see, Dimino v Dimino,* 91 AD2d 1185, *appeals dismissed* 59 NY2d 968). The record establishes that at the time of the agreement's execu-

tion, the parties had completely divergent opinions as to the operation of the escalation clause. Resort to an examination of the parties' postexecution conduct also failed to clarify the ambiguity (*see, Surlak v Surlak,* 95 AD2d 371, 375, *appeal dismissed* 61 NY2d 906). In such a case, where extrinsic evidence fails to support plaintiff's interpretation, we must construe the agreement strictly against her since she not only selected the attorney who drafted the agreement, but also provided the drafter with the express language used in the escalation clause (*see, Dimino v Dimino, supra*).

Paragraph 13, the escalation clause, clearly limits plaintiff to the right to receive a percentage of defendant's cost of living and merit increases. Paragraphs 11 and 12 are not on their face totally inconsistent with paragraph 13. It is possible that the parties planned for a complete readjustment of support at the time the defendant was required to pay only alimony or child support. Gibbons, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.