**Fernando BOLOGNA, Plaintiff,**

v.

**NMU PENSION TRUST OF the NMU PENSION & WELFARE PLAN and Board of Trustees of the NMU Pension Trust of the NMU Pension & Welfare Plan, Defendants.**

No. 86 Civ. 0800.

United States District Court,
S.D. New York.

Feb. 27, 1987.

---

Edgar Pauk, New York City, for plaintiff.

Ned R. Phillips, New York City, for defendants.

## OPINION

GRIESA, District Judge.

This is an action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, by plaintiff Fernando Bologna against defendants NMU Pension & Welfare Plan and the Board of Trustees of the Plan. Plaintiff sues to obtain a higher pension than that awarded to him.

Arguing that the causes of action set forth in the complaint are time-barred, defendants have moved for summary judgment dismissing the complaint. The motion is denied.

There are fourteen causes of action. Ten are for breach of contract, and the other four are for breach of fiduciary duty. Defendants' notice of motion requests dismissal of the entire action. However, the papers submitted on the motion address mainly the breach of contract claims and do not deal sufficiently with the breach of fiduciary duty claims. Defendants' motion to dismiss the latter claims is denied without prejudice to defendants' raising this point at trial.

As to the breach of contract claims, the Plan's trustees have purported to adopt a rule specifying the time for the bringing of suits. This rule shortens the time which would otherwise be available under the applicable statute. The issue is whether the trustees' rule is valid. The court holds that it is not, and that the statutory time period

applies, with the result that plaintiff's breach of contract claims are not barred.

## FACTS

The NMU Plan was established by an Agreement and Declaration of Trust ("the Declaration of Trust"), dated August 1, 1950, and has been referred to in the subsequent NMU collective bargaining agreements. The Declaration of Trust allows the trustees to establish certain rules concerning the operation of the Plan. The Declaration of Trust provides:

1. *Benefits.* The Trustees, by majority vote, shall have full authority to determine all questions of nature, amount, and duration of benefits to be paid under the Plan based on what it is estimated the Fund can provide without undue depletion or excessive accumulation.

 . . . . .

4. *Payment of Benefits.* Payment of benefits shall not be made unless necessary and appropriate proof for such benefit is presented, in writing, to the Trustees. The nature of proof and the time required and procedures for furnishing same shall be determined by Trustees.

Declaration of Trust, Article IV, sections 1 and 4. The Declaration of Trust also provides that claims arising under its terms shall be resolved in accordance with New York law, to the extent not inconsistent with federal law.

Allegedly acting under the authority of these provisions, in November 1981 the trustees promulgated a rule, called Rule 20.80, limiting the time in which an action may be brought.

20.80. No action at law or in equity shall be brought to recover under these Rules and Regulations prior to the expiration of sixty days after a claim has been filed in accordance with the requirements established by the Trustees, nor shall such action be brought at all unless brought within two years and ninety days after the filing of the claim upon which the cause of action is based.

Plaintiff is a member of the NMU, and a 78 year old retired merchant marine. He has retired several times during his career. Plaintiff first retired in April 1968 on a permanent disability. By August 1968 plaintiff was back at work. Several years later, after an injury suffered in 1974, plaintiff retired from February 1, 1975 until July 1, 1976.

According to plaintiff's attorney, on June 4, 1982 plaintiff made his "definitive retirement application." He applied to the Plan for a pension, and by letter dated July 30, 1982 the Plan awarded plaintiff $250 per month. It is the adequacy of this award which plaintiff challenges in the present action.

Under the terms of Rule 20.80, plaintiff had two years and ninety days after the filing of his claim to institute a lawsuit to complain about the amount of his pension. The date of his claim was June 4, 1982. The time under the rule for filing a suit expired September 4, 1984. Plaintiff did not commence the present action until January 27, 1986.

## DISCUSSION

Before examining the issue of the statute of limitations regarding the contract claims, it is appropriate to note that ERISA has a statute of limitations applicable to claims for breach of fiduciary obligation. *See* 29 U.S.C. § 1113(a). This statute is somewhat complex. It is undoubtedly relevant to the four breach of fiduciary duty counts in the present action, although the precise application of the statute is not clear on the present record.

■ For claims under ERISA plans not founded upon a theory of breach of fiduciary duty, the appropriate statute of limitations is found by looking to analogous state law. *See Board of Regents v. Tomanio*, 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980). As already described, in the complaint in the present case there are ten causes of action claiming

breach of contract. Indeed, under New York law, obligations to an employee under a pension plan are held to be contractual in nature for statute of limitations purposes. *Schlansky v. United Merchants & Manufacturing, Inc.*, 443 F.Supp. 1054, 1059 (S.D.N.Y.1977). Thus, on the ten causes of action the court must look in the first instance to New York's statute of limitations for contract claims. *See Miles v. New York State Teamsters Conference Pension and Retirement Fund Employee Pension Benefit Plan*, 698 F.2d 593, 598 (2d Cir.), *cert. denied*, 464 U.S. 829, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983).

■ In New York, an action arising out of a contractual obligation must be commenced within six years. CPLR § 213(2) (McKinney 1987 Supp.). However, CPLR § 201 provides that "a shorter time [may be] prescribed by written agreement." Agreements limiting the time in which an action can be brought are viewed cautiously and construed against the party invoking the shorter period. *See Stanley Benjamin, Inc. v. Cas. Co. of New York*, 72 Misc.2d 742, 340 N.Y.S.2d 578 (Sup.Ct. 1972).

The issue to be decided is whether Rule 20.80, shortening the normal six-year limitation to two years and ninety days, constitutes, or is based upon, a "written agreement" within the meaning of CPLR § 201.

It is obvious that plaintiff personally made no such agreement. However, the NMU entered into the Declaration of Trust providing for the pension plan, and the NMU has over the years entered into various collective bargaining agreements, all on behalf of the NMU members, including plaintiff. However, the period of two years and ninety days is not provided for in the Declaration of Trust, or in any collective bargaining agreement. It is contained in a rule promulgated by the trustees of the Plan. But this rule does not appear in any agreement to which plaintiff has assented, or to which the NMU has assented on his behalf.

Defendants argue that Rule 20.80 was promulgated by the trustees pursuant to authority granted by the Declaration of Trust, and that therefore the shorter limitation period can be said to be "prescribed by written agreement" within the meaning of CPLR § 201. Defendants rely upon the provision in Article IV, section 4:

Payment of benefits shall not be made unless necessary and appropriate proof for such benefit is presented, in writing, to the Trustees. The nature of proof and the time required and procedures for furnishing same shall be determined by Trustees.

■ Defendants' argument is without merit. The language in the Declaration of Trust cannot be read as a grant of authority to the trustees to limit the time for filing lawsuits. The first sentence plainly shows that the provision concerns claims "presented ... to the Trustees," and does not refer to lawsuits. The critical phrase in the second sentence—"the time required"—relates only to the presentation of claims to the trustees. Thus the trustees are authorized to make rules concerning the time and method of presenting claims to them. This provision in no way authorizes the trustees to promulgate rules about the time or the procedures pertaining to suits filed in court. Thus, in promulgating Rule 20.80, which purports to establish a limitation for the bringing of lawsuits, the trustees acted beyond any authority granted to them in the Declaration of Trust.

It is of interest to note that the regulations issued by the Department of Labor under ERISA require the promulgation of internal procedural rules for pension plans. Thus, an employee benefit plan must establish reasonable procedures for the presentation of claims to an entity such as a representative of the employer, or a board or organization handling claims for multiple employers, or an insurance company. 29 C.F.R. § 2560.503–1(d) (1986). The regulations further require that each plan must establish a reasonable appeal procedure, providing for an appeal by the claimant to "an appropriate named fiduciary." Id. at § 2560.503–1(g)(1). A plan may establish a limited time period for the filing of a request for review by such fiduciary. Id. at § 2560.503–1(g)(3). These provisions relate to the internal mechanics of a plan.

The record in the present case does not show whether or not the NMU Plan has the kind of procedural rules required by these regulations. However, it is clear that Rule 20.80 goes beyond what is contemplated by the federal regulations, which have no reference to internal rules dealing with the procedures or timing of actions filed in court.

It might be argued that even if Rule 20.80 is not authorized by the Declaration of Trust, the rule is in itself an agreement made on behalf of plaintiff, because some of the trustees who adopted it were NMU representatives. See Scheirer v. NMU Pension and Welfare Plan, 585 F.Supp. 76, 79 (S.D.N.Y.1984). I cannot agree with such a contention. It would be anomalous to say that rule constitutes a valid agreement within the meaning of CPLR § 201 when the rule is not authorized by the Declaration of Trust, which is the governing legal instrument of the Plan. The trustees have no power to act in promulgating rules, or in any other fashion, except as they are authorized by the Declaration of Trust, or by some statute or other rule of law. Rule 20.80 finds no basis in the Declaration of Trust, in any statute or in any other rule of law.

The only pertinent judicial decisions cited by the parties on this motion are three earlier cases arising in this district. Hart v. Anderson, No. 77 Civ. 2680 (S.D.N.Y. April 24, 1981), aff'd mem., 671 F.2d 492 (2d Cir.1981); Scheirer v. NMU Pension and Welfare Plan, 585 F.Supp. 76 (S.D.N.Y.1984); Moro v. Welfare Plan of the NMU Pension & Welfare Plan, No. 84 Civ. 9275 (S.D.N.Y. July 11, 1985) [Available on WESTLAW, DCTU database]. All three

cases involved precisely the same issue raised in the present case, and dealt with the same Declaration of Trust and the same Rule 20.80. The first case was decided by Judge Lowe, and the other two cases by Judge Conner. All three decisions reached an opposite conclusion from what has been decided in the present case. They held that Rule 20.80 effectively shortens the normal statute of limitations.

With the greatest respect, I decline to follow these decisions. I consider it to be crucial that Rule 20.80 is not authorized by the Declaration of Trust. Judges Lowe and Conner took a contrary view.

 Judge Lowe's decision was affirmed by the court of appeals. However, the ruling of the court of appeals was delivered orally in open court. There was no written opinion. Such a ruling is not citable as precedent. *See* 671 F.2d 492.

For the foregoing reasons, I hold that the six-year statute of limitation of New York applies to the breach of contract claims and that the internal rule of the NMU Plan purporting to shorten the time period is invalid. Plaintiff's breach of contract claims are not time-barred. As to the breach of fiduciary duty claims, the statute of limitations issue remains to be decided at trial.

Defendants' motion for summary judgment is denied.

SO ORDERED.