■ In the Matter of SUSAN ZAREMBA, Respondent, v INTERFACE FLOORING SYSTEMS, INC., Appellant. [600 NYS2d 120] —In a proceeding pursuant to CPLR 5241 for a money judgment for failure to pay under an income execution, Interface Flooring Systems, Inc., appeals (1) from an order of the Supreme Court, Nassau County (Saladino, J.), dated March 12, 1991, which awarded the petitioner summary judgment in the principal sum of $24,486.05, (2) from a judgment of the same court, dated April 4, 1991, entered thereon, and (3) as limited by its brief, from so much of an order of the same court, dated June 21, 1991, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 12, 1991, is dismissed, as that order was superseded by the judgment entered thereon dated April 4, 1991; and it is further,

Ordered that the appeal from the judgment dated April 4, 1991, is dismissed, as that judgment was superseded by the order dated June 21, 1991, made upon reargument; and it is further,

Ordered that the appeal from the order dated June 21, 1991, is reversed insofar as appealed from, on the law, the judgment dated April 4, 1991, and the order dated March 12, 1991, are vacated, and the petition is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The petitioner was the plaintiff in a matrimonial action, which was pending in Supreme Court, Nassau County, at the time she commenced this proceeding. In an order dated June 14, 1989, the court made a pendente lite award in the petitioner's favor, and directed the husband, Joseph Zaremba, to pay her $350 per week as and for maintenance and child support. Additionally, the court ordered the husband to pay for all the

carrying charges on the marital residences, utilities, including telephone bills, her use of a 1982 Volvo automobile, and medical and dental bills for her and the two infant issues of the marriage.

The husband failed to comply with the pendente lite order. The petitioner then sought enforcement by preparing an income execution for support enforcement, pursuant to CPLR 5241, and serving it on the husband. The husband did not assert any "mistake of fact" within the 15 days provided for in the statute. The petitioner then served the income execution upon the husband's employer, Interface Flooring Systems, Inc., the appellant herein.

The income execution recited that Joseph Zaremba was directed to pay the petitioner "the sum of $350 per week as and for maintenance and child support retroactive to April 17, 1989", and that the debtor "has failed to make the child support and maintenance payments as required by the Court's [pendente lite] order" resulting in arrears in the sum of $7,700. The income execution then provided that 65% of Joseph Zaremba's income, including commissions, overtime earnings, bonuses or other irregular income shall be deducted from his paycheck, and that from that deduction, $350 per week would be applied toward his ongoing maintenance and child support obligations and the balance shall be applied towards satisfying the "aforementioned arrearages". While directing that the income execution "is binding until further notice", it also provided in paragraph 9, that "[t]he amount of the deductions to be withheld shall be sufficient to insure compliance with the direction and the order of support, and shall include an additional amount to be applied to the reduction of arrears". The employer was not served with a copy of the pendente lite support order. Nor did the income execution indicate in any way that the husband's support obligations extended beyond the payments for maintenance and child support. The employer deducted 65% of the husband's income until the arrears stated in the income execution were fully paid and, thereafter, remitted the petitioner $1,505 on a monthly basis, to cover current maintenance and child support payments per week.

Subsequently, the petitioner commenced this proceeding, contending that the employer had failed to remit to her 65% of her husband's income as required by the income execution, that at the time of filing her petition, there were outstanding arrears of $24,486.05, and that judgment should be awarded her in that sum, plus interest from February 1, 1990.

The employer moved to dismiss the petition, contending, *inter alia,* that once the arrears stated in the income execution were paid, its only legal obligation was to deduct and remit to the petitioner sums sufficient to satisfy the maintenance and support obligations stated in the income execution, to wit, $350 per week. If there were other arrears which were accruing as a result of the carrying charges, of which there was no mention in the income execution, the petitioner should have served it with an amended income execution reflecting such further arrears, and her failure to do so was fatal to her claims.

The petitioner opposed the motion and requested that the court convert her application to a motion for summary judgment. Subsequently, the court awarded judgment to the petitioner in the amount requested in the petition and, thus, implicitly denied the employer's motion.

On this appeal, the employer raises the same arguments it presented in the Supreme Court. We agree that the court erred in granting the petition and, therefore, reverse.

Despite its ostensible denial of the employer's motion for "renewal and/or reargument", the subsequent language of its order indicates that the Supreme Court did in fact consider the employer's counsel's affirmation dated April 5, 1991. Thus, it must be deemed that the court exercised its discretion to grant reargument *(see, Waldron v La Guardia Med. Group,* 109 AD2d 792). Upon reargument, the court modified its original determination to provide for a setoff in the amount which the employer had already paid to the petitioner.

Clearly, the language of the income execution prepared by the petitioner's attorney was ambiguous. Since the income execution recited only the $350 per week support obligation and $7,700 in arrears, the employer correctly withheld only the $350 per week support obligation once the arrears had been paid. A document is to be strictly construed against its drafter, and any ambiguity will be resolved against him or her *(see, Wing v Wing,* 112 AD2d 932). Reading the income execution as a whole, the employer reasonably construed it as requiring them to withhold 65% of the husband's income until such time as the stated arrears of $7,700 had been fully paid. Having drafted the ambiguous income execution, the petitioner should not have been granted the money judgment she sought.

In view of our determination, we do not reach the other issues raised by the employer in its brief. Rosenblatt, J. P., Copertino, Santucci and Joy, JJ., concur.