OPINION OF THE COURT
Sheila Abdus-Salaam, J.
Plaintiff, an employer-fee-paid employment agency, brought *455 the within suit to recover $2,288 in fees allegedly earned for the placement of Mr. Ralph Eschoe with defendant. Defendant’s answer specifically denied the allegations of plaintiff’s complaint and asserted several affirmative defenses.
Plaintiff now moves for summary judgment arguing its placement fee has been earned because Mr. Eschoe was employed by defendant beyond any guarantee period agreed between the parties. Defendant contends the guarantee period was extended by agreement of the parties and Mr. Eschoe’s employment was terminated by defendant within the said extended period.
Where an employer rather than an employee pays a placement fee the parties are free to determine the terms under which the fee is earned. (General Business Law § 185 [1]; Costello Assocs. v Standard Metals Corp., 99 AD2d 227 [1st Dept 1984].) Guarantee periods are customary in the trade, but not legally required. (Half of N. Y. v Levine-Baratto Assocs., 126 Misc 2d 169 [Civ Ct, NY County 1984].)
Here, there is no dispute plaintiff referred Mr. Eschoe to defendant. There is also no dispute that the parties had an oral agreement in which plaintiff’s fee was deemed earned when the referred candidate was hired by defendant, but, only after the expiration of a 30-day guarantee or probationary period. On May 4, 1993 the 30-day period was extended two weeks. On or about May 18, 1993 a second extension of a few days was requested by defendant and granted by plaintiff. A few days later, on May 25th, defendant alleges plaintiff was notified Mr. Eschoe was unfit for the position and his employment would be terminated once a replacement was found. Plaintiff did not agree to this proposal. Plaintiff informed defendant that unless Mr. Eschoe’s employment was terminated as of 5:00 p.m. May 25th, its fee would be due. Mr. Eschoe remained in defendant’s employ until June 4, 1993 when a suitable replacement was found.
The parties, therefore, had an agreement which was modified on two occasions, but not three. A contract cannot be modified or altered without the consent of all the parties thereto. (Becker v Faber, 280 NY 146 [1939], reh denied 280 NY 730 [1939].) Where there is an absence of mutual assent to a proposed modification the original terms of the contract remain in effect. (Beacon Term. Corp. v Chemprene, Inc., 75 AD2d 350 [2d Dept 1980].)
Here, when plaintiff informed defendant that Mr. Eschoe’s *456 employment had to be terminated by 5:00 p.m. May 25th, plaintiff was, in effect, telling defendant his company would not agree to any further modifications or extensions of time and that defendant would be held to the terms of what had been previously agreed. Defendant was, in fact, given one last opportunity to comply with the modified contract which was to terminate Mr. Eschoe’s employment by 5:00 p.m. May 25th. Defendant chose not to do this. Defendant took it upon itself to unilaterally modify the contract a third time by permitting Mr. Eschoe to be employed with the company until a suitable replacement had been found. Contracts may not be modified unilaterally. (Becker v Faber, supra.)
Under the terms of the contract, as modified, if defendant employed Mr. Eschoe after May 25th, it would be liable for plaintiff’s fee. This is exactly what took place.
Accordingly, plaintiff’s motion for summary judgment is granted and the Clerk is directed to enter judgment against defendant for the sum of $2,288 with interest from May 25, 1993 plus costs and disbursements.