■ CERTIFIED FENCE CORPORATION, Respondent-Appellant, v FELIX INDUSTRIES, INC., et al., Appellants-Respondents. [687 NYS2d 682] —In an action to recover damages for breach of a construction contract, the defendants appeal from a judgment of the Supreme Court, Westchester County (Nicolai, J.), entered March 11, 1998, which, after a nonjury trial, was in favor of the plaintiff and against them in the sum of $70,127.74, and the plaintiff cross-appeals from so much of the judgment as failed to award it the full amount owed under the contract.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff and the defendants entered into a construction contract whereby the plaintiff agreed to be the subcontractor for the defendants, acting as general contractors, on a project known as the Half Moon Construction project. One of the contract's provisions required that the general contractor be paid by the owner before being required to pay the subcontractor, the so-called "pay-when-paid" provision. Another provision required the subcontractor to bring any action seeking pay-

ment within 90 days after the work had been completed. After the construction work was completed, the defendants submitted a requisition totalling $541,016.16. The owner then filed for bankruptcy. Following the bankruptcy, the owner made three payments to the defendants totaling $122,000. None of this money was ever paid to the plaintiff.

Parties to a contract may agree to limit the period of time in which an action must be commenced to a shorter time than that otherwise provided by the applicable Statute of Limitations (*see, Kassner & Co. v City of New York,* 46 NY2d 544, 550-551; *Krohn v Felix Indus.,* 226 AD2d 506; *Wayne Drilling & Blasting v Felix Indus.,* 129 AD2d 633, 634). " 'Absent proof that the contract is one of adhesion or the product of over-reaching, or that [the] altered period is unreasonably short, the abbreviated period of limitation will be enforced' " (*Wayne Drilling & Blasting v Felix Indus., supra,* at 634; *see, Timberline Elec. Supply Corp. v Insurance Co.,* 72 AD2d 905, 906, *affd* 52 NY2d 793). However, where two provisions of a contract conflict, the contract must be resolved against the party who drew the contract (*see, Matter of Zaremba v Interface Flooring Sys.,* 195 AD2d 471, 473; *Wing v Wing,* 112 AD2d 932, 933-934).

In the instant case, the 90-day period of limitations, while freely agreed to by the parties, is inconsistent with the pay-when-paid clause, and is unenforceable since it unreasonably deprives the plaintiff of a course of action. Under the pay-when-paid clause, the plaintiff could not maintain its action against the general contractor until the owner paid the general contractor. However, by that time, due to the bankruptcy of the owner, the 90-day limit would have expired. Moreover, if the two clauses are given effect, and the plaintiff brought an action to recover the value of the work performed within the 90-day limit, the action would have failed by virtue of the non-occurrence of the condition that payment be made by the owner to the general contractor. Therefore, interpreting the contract against the defendants, we find that the 90-day period of limitations is not applicable in this case, and that the action was timely commenced under the applicable Statute of Limitations.

We further find that the court properly determined that the amount of damages owed to the plaintiff was the same percentage of the total amount it sought under the subcontract as that received by the defendants from the owner under the general contract, with interest to be awarded from the date of the final payment by the owner to the defendants.

The parties' remaining contentions are without merit. O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.