◼ STRAUSS PAPER CO., INC., Respondent, v RSA EXECUTIVE SEARCH, INC., Appellant. [688 NYS2d 641] —In an action, *inter alia,* to recover damages for unjust enrichment, the defendant appeals from an order of the Supreme Court, Westchester County (Rosato, J.), entered January 23, 1998, which, *inter alia,* granted the plaintiff's motion for summary judgment on its cause of action alleging unjust enrichment.

Ordered that the order is affirmed, with costs.

The plaintiff corporation and the defendant, an executive search firm, entered into an agreement whereby the defendant agreed to "find an ideal candidate for the senior sales management position" with the plaintiff corporation. The agreement further provided that the candidate will be "guaranteed" and that the defendant's "entire fee will be earned upon placement completion". The agreement provided that in the event the referred candidate resigned or was terminated within 180 days of hiring, the defendant would use its "best efforts to replace the candidate" at no additional charge. The agreement did not define the words "best efforts".

The plaintiff hired one of the candidates referred by the de-

fendant and shortly thereafter remitted one-half of the placement fee. However, approximately four months after this individual was hired, his employment was terminated by the plaintiff. Thereafter, the plaintiff requested without avail the return of the money which it had paid to the defendant. This lawsuit then ensued.

Although a court should not undertake the construction of an unambiguous agreement, the question of whether ambiguity exists must be determined by reading the agreement as a whole (*see, Wing v Wing,* 112 AD2d 932; *A & Z Appliances v Electric Burglar Alarm Co.,* 90 AD2d 802). In addition, it is a canon of contract construction that an agreement will be construed most strongly against the party who prepared it (*see, Jacobson v Sassower,* 66 NY2d 991; *Rentaways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342; *Harza N.E. v Lehrer McGovern Bovis,* 255 AD2d 935).

In this case, the agreement drafted by the defendant, when read as a whole, indicates that the placement fee was not to be earned unless and until the candidate who was referred to and hired by the plaintiff remained in its employ beyond the 180-day period. The agreement included a "guarantee" which immediately preceded language referring to what was, in effect, a 180-day employee probationary period, and stated that the "entire [search] fee will be payable upon placement *completion*" (emphasis added), as opposed to simply "placement" (*see generally, Beaver Empl. Agency v Noestring, Inc.,* 160 Misc 2d 454; *Robert Half v Levine-Baratto Assocs.,* 126 Misc 2d 169).

In addition, there is no material issue of fact to be resolved with respect to whether the defendant utilized or was permitted to utilize its "best efforts" in obtaining a replacement candidate. Where, as here, a clause in an agreement expressly provides that a party must use its "best efforts", it is essential that the agreement also contain clear guidelines against which to measure such efforts in order for such clause to be enforced (*see, Bernstein v Felske,* 143 AD2d 863, 865; *Mocca Lounge v Misak,* 94 AD2d 761; *Candid Prods. v International Skating Union,* 530 F Supp 1330). Since this agreement contained no guidelines to define the term "best efforts", the defendant cannot seek to enforce its right to payment under this portion of the agreement.

Accordingly, the plaintiff was entitled to summary judgment based upon unjust enrichment.

The plaintiff's remaining contention is without merit. Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.