■ AFFINITY EXECUTIVE SEARCH, Appellant, v LECROY CORPORATION, Respondent. [716 NYS2d 900] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Rockland County (Dillon, J.), entered March 20, 2000, which granted the defendant's motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

A contract is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language

employed (*see, Kailasanathan v Mysorekar*, 234 AD2d 425; *Emcee Personnel v Morgan Lewis & Bockius*, 269 AD2d 353). Here, the Recruiting Agreement governed the conditions under which a placement fee would be earned by the plaintiff (*see,* General Business Law § 185 [1]; *Beaver Empl. Agency v Noestring, Inc.,* 160 Misc 2d 454). The Recruiting Agreement unequivocally expressed the intention of the parties that the defendant Lecroy Corporation would not be liable for a placement fee absent "actual employment" of an individual referred by the plaintiff for a period of 90 days (*see, Strauss Paper Co. v RSA Executive Search,* 260 AD2d 570). It is undisputed that none of the applicants referred by the plaintiff ever commenced employment with the defendant and thus, the Supreme Court properly granted the defendant's motion to dismiss the complaint.

The plaintiff's remaining contentions are without merit. Friedmann, J. P., Goldstein, H. Miller and Schmidt, JJ., concur.