■ JORGE ALVAREZ et al., Plaintiffs, v ATTACK ASBESTOS, INC., Defendant, ANTHONY MARINO CONSTRUCTION CORPORATION et al., Appellants, and NATIONAL AMERICAN INSURANCE COMPANY, Respondent. [731 NYS2d 431] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered April 4, 2000, which granted defendant National American Insurance Company's (NAICO) motion for summary judgment dismissing as time barred the cross claims asserted against it by defendants Anthony Marino Construction Corporation and Insurance Company of North America, unanimously affirmed, with costs.

Plaintiffs, employees of a subcontractor on an alleged public works project, initially commenced this action for alleged prevailing wage violations against the subcontractor and the project's general contractor on or about June 23, 1997, and named the general contractor's and the subcontractor's respective sureties as additional defendants in August 1997. The general contractor and its surety asserted cross claims against the subcontractor's surety (NAICO) based on the subcontractor's performance bond. In pertinent part, the performance bond provides that any suit thereunder must be "instituted

before the expiration of one year from the date on which final payment under the subcontract falls due." The subcontract, in turn, provides that final payment thereunder becomes due "thirty (30) days after final completion and acceptance of the Prime Contract and receipt of final payment by the Contractor."

The motion court correctly granted NAICO's motion for summary judgment dismissing such cross claims based on undisputed documentary evidence establishing that the project had been completed in April 1996, and that the owner had made final payment under the prime contract on or about May 6, 1996, inasmuch as the date 30 days thereafter, when final payment under the subcontract became due, was more than one year prior to the commencement of this action as against NAICO (cf., Menorah Nursing Home v Zukov, 153 AD2d 13, 20-21; Stanley R. Benjamin, Inc. v Fidelity & Cas. Co., 72 Misc 2d 742, 743-744). Although the subcontract permitted the general contractor to withhold payments "[t]o assure payment of just claims of any person supplying labor or materials for the work," and to protect itself against potential liability relating to the subcontract, inter alia, the general contractor has adduced no competent evidence to show that it was exercising such right as of June 5, 1996. Evidence that, during a period ending more than a year prior to the completion of the project, the general contractor may have withheld certain progress payments to the subcontractor based on concerns that the subcontractor's employees may not then have been receiving prevailing wages, does not suffice to raise an issue of fact in this regard. The general contractor's further argument that the owner's tender of final payment under the prime contract without qualification did not necessarily constitute acceptance of the work by the owner is also without merit (see, Yeshiva Univ. v Fidelity & Deposit Co., 116 AD2d 49, 53, lv denied 68 NY2d 603).

Although the provision of CPLR 203 (d) relating interposition of defenses and counterclaims back to the time of interposition of the claims asserted in the complaint also applies to cross claims (see, Imperial Outfitters to Large Men v Genesco, Inc., 95 AD2d 755, 756, affd 68 NY2d 732; Seligson v Chase Manhattan Bank, 50 AD2d 206, 210), claims based on the performance bond were already untimely by the time this action was commenced as against NAICO in August 1997. Moreover, the provision of CPLR 203 (d) permitting the assertion of defenses and counterclaims that were time barred at the time the complaint was interposed, to the extent the complaint makes affirmative demands for relief based on related causes of action, has no application here, where NAICO is not seeking any affirmative relief against defendants-appellants.

Enforcement of the performance bond's contractual limitation period is not unreasonable or inequitable under the circumstances (cf., Certified Fence Corp. v Felix Indus., 260 AD2d 338, 339), since the general contractor contractually assumed the risk that third parties would sue it based on alleged defaults of the subcontractor after expiration of the one-year limitation period under the bond, at which time relief would be available against the subcontractor only.

The foregoing renders it unnecessary for us to address the parties' remaining arguments. Concur—Wallach, J. P., Rubin, Buckley, Friedman and Marlow, JJ.