■ JC Ryan EBCO/H&G, LLC, Respondent, v Lipsky Enterprises, Inc., et al., Appellants. [911 NYS2d 136]—

In an action to recover damages for breach of contract and to recover on a labor and material payment bond, the defendants appeal from an order of the Supreme Court, Suffolk County (Baisley, J.), dated April 14, 2009, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) as time-barred.

Ordered that the order is affirmed, with costs.

In 2006 the defendant Lipsky Enterprises, Inc. (hereinafter Lipsky), a general contractor, was awarded a contract to perform certain renovation and/or construction work at a Suffolk Community College (hereinafter SCC) campus. In connection with this project, Lipsky and the defendant Arch Insurance Company

(hereinafter Arch), as surety, executed and delivered a labor and material payment bond to SCC. That bond provides, in relevant part, that a lawsuit by a claimant thereunder must be filed within one year of the date "on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract."

In connection with the SCC project, on or about June 6, 2006, Lipsky entered into a subcontract with the plaintiff, JC Ryan EBCO/H&G, LLC (hereinafter JC Ryan). JC Ryan provided doors, door frames, other materials, and certain labor services at this project. The subcontract includes a clause commonly known as a "pay-when-paid" clause which provides, inter alia, that the "payment by the Owner of any progress or final payment is a condition precedent to Contractor's obligation to make payment to the Subcontractor." This same clause further states that the "Subcontractor agrees to pursue lien foreclosure action to final judgment as a condition precedent to commencing any action against the Contractor." The subcontract also contains a six-month limitations provision. Specifically, it states that any action by the subcontractor "relating in any way to the performance or breach" of the subcontract, including a cause of action "for the enforcement of any trust which may be imposed by any applicable law upon assets in the hands of the Contractor," must be commenced within six months, among other things, "after the Work of the Subcontractor has been substantially completed."

On or about February 5, 2008, JC Ryan sent to SCC a "Notice Under Mechanic's Lien Law for Account of Public Improvement." That notice states that as of February 5, 2008, Lipsky Enterprises owed JC Ryan the sum of $47,544.78.

JC Ryan commenced this action against Lipsky and Arch by summons and complaint dated May 8, 2008. The defendants moved to dismiss the complaint as time-barred pursuant to CPLR 3211 (a) (5), arguing, inter alia, that the action was untimely because it had not been commenced within six months of the date of substantial completion of JC Ryan's work.

We agree with the conclusion by the Supreme Court that a "pay-when-paid" clause, such as the one herein, "which forces the subcontractor to assume the risk that the owner will fail to pay the general contractor is void and unenforceable as contrary to public policy set forth in the Lien Law § 34" (*West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co.*, 87 NY2d 148, 158 [1995]; *see Certified Fence Corp. v Felix Indus.*, 260 AD2d 338, 339 [1999]). In addition, the six-month limitations clause in the subcontract conflicts with the pay-when-paid clause since the

subcontractor's right to bring an action against the contractor and/or its right to bring an action to foreclose a mechanic's lien might not ripen until after the expiration of the six-month limitations period (*see West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co.*, 87 NY2d 148 [1995]; *Certified Fence Corp. v Felix Indus.*, 260 AD2d 338 [1999]). Moreover, contrary to the defendants' contention, the "pay-when-paid" clause and the contractual limitations clause are not severable (*see generally Christian v Christian*, 42 NY2d 63, 73 [1977]). Therefore, the Supreme Court correctly concluded that the action was not time-barred as a result of the contractual six-month limitations clause. Further, since the defendants' motion did not seek to dismiss the action as untimely pursuant to State Finance Law § 137 (4) (b), Arch's contention regarding this statute as a basis for dismissal is not properly before this Court (*see Ross v Gidwani*, 47 AD3d 912 [2008]; *Vera v Soohoo*, 41 AD3d 586 [2007]).

The defendants' remaining contentions are without merit.

Accordingly, the defendants' motion to dismiss the complaint was properly denied Skelos, J.P., Fisher, Santucci and Leventhal, JJ., concur.