19-3394-bk
In Re: The Containership Company

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand twenty.

PRESENT: RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
STEVEN J. MENASHI,
*Circuit Judges*.

------------------------------------------------------------------

IN RE: THE CONTAINERSHIP COMPANY (TCC) A/S,

*Debtor*.

------------------------------------------------------------------

THE CONTAINERSHIP COMPANY (TCC) A/S,
ACTING BY AND THROUGH JORGEN HAUSCHILDT,
SOLELY IN HIS CAPACITY AS FOREIGN REPRESENTATIVE
THEREOF,

*Debtor-Plaintiff-Appellant*,

v.                                                  No. 19-3394-bk

APEX MARITIME CO., INC., ARGOS FREIGHT, INC., DBA AGILITY FREIGHT INC., BARTHCO INTERNATIONAL, INC., DBA OHL-INTL, CEVA FREIGHT, LLC, DBA CEVA OCEAN LINE (CEVA), GLOBAL FORWARDING LTD (HECNY), HEADWIN GLOBAL LOGISTICS (USA) INC., INTERGLOBO NORTH AMERICA INC., LCL LINES, MULTI-TRANS SHIPPING AGENCY, INC., OEC SHIPPING LOS ANGELES, INC., ON TIME SHIPPING LINE LIMITED, ORIENT STAR TRANSPORT INT'L, PANTAINER LTD., DBA PANTAINER EXPRESS LINE, PUDONG TRANS USA, INC., SEAPASSION LOGISTICS INC., SINICWAY INTERNATIONAL LOGISTICS LTD., STD LOGISTICS, TOPOCEAN, TRANSLINK SHIPPING, INC., TT OCEAN LOGISTICS, LLC (TRAFFIC TECH), T-Z CARGO LIMITED, U.S. UNITED LOGISTICS (NINGBO) INC., UNION LOGISTICS, INC. (HONOUR LANE SHIPPING), UNIVERSAL SHIPPING INC. (USI), U.S. PACIFIC TRANSPORT, INC. (CASA), WAKO EXPRESS (HK) CO. LTD., WINAIR LOGISTICS, INC.,

*Defendants-Appellees*,

AMERICAN ALTERNATIVE INSURANCE CORPORATION, NAVIGATORS INSURANCE COMPANY, ROANOKE TRADE SERVICES, INC.,

*Intervenors-Appellees*,

AMERICAN INTERNATIONAL CARGO SERVICE

2

INC., WEIDA FRIEGHT SYSTEM CO LTD.,

                    *Defendants.**

-----------------------------------------------------------------

FOR DEBTOR-PLAINTIFF-
APPELLANT:                                  RICHARD VAUGHAN
                                            SINGLETON, II, Blank Rome
                                            LLP, New York, NY; Jeremy
                                            Herschaft, Blank Rome LLP,
                                            Houston, TX.

FOR DEFENDANTS-
APPELLEES:                                  BRENDAN COLLINS, GKG Law,
                                            P.C., Washington, DC; Henry
                                            P. Gonzalez, Gonzalez Del
                                            Valle Law, Washington, DC;
                                            Daniel Paul Jaffe, Husch
                                            Blackwell LLP, St. Louis, MO.

FOR INTERVENORS-
APPELLEES:                                  DANIEL PAUL JAFFE, Husch
                                            Blackwell LLP, St. Louis, MO.

Appeal from a judgment of the United States District Court for the

Southern District of New York (Andrew L. Carter, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

---

* The Clerk of Court is directed to amend the caption as shown above.

3

The Containership Company ("TCC") appeals from an order and judgment of the District Court (Carter, J.), adopting the proposed findings of fact and conclusions of law of the United States Bankruptcy Court for the Southern District of New York (Garrity, B.J.) and granting summary judgment in favor of the Defendants-Appellees, all of whom contracted with TCC to ship goods on vessels chartered by TCC. TCC brought a single claim for breach of contract against each Defendant-Appellee. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

In 2010 TCC launched its trans-Pacific container-shipping service between Los Angeles and ports in China. TCC entered into annual contracts with various customers, including the Defendants-Appellees. Most of the contracts were set to expire at the end of April 2011. The contracts required each Defendant-Appellee to ship a specified "minimum quantity commitment" of cargo with TCC during the contract period and provided for liquidated damages for any shortfall. On April 7, 2011, TCC announced that it was "[d]iscontinuing" its trans-Pacific service and cancelling its remaining scheduled sailings. Within

4

days, TCC initiated bankruptcy proceedings, and its corporate parent withdrew all five vessels TCC had chartered, leaving TCC unable to transport goods in accordance with the contracts.

On appeal, TCC primarily argues that the District Court erred in concluding that TCC's discontinuance of its trans-Pacific service relieved the Defendants-Appellees of their remaining minimum quantity commitments pursuant to either the contracts' termination provision or the contracts' provision governing a modification or restructuring of service.

For substantially the reasons stated by the District Court in its September 17, 2019 decision and the Bankruptcy Court in its April 29, 2016 proposed findings, we conclude that the contracts' termination provision relieved each Defendant-Appellee of its remaining minimum quantity commitment.[1] Under the plain language of Term 20 of the contracts, TCC's discontinuance of service constituted a "termination," which excused all parties from any penalty or

---

[1] We agree with the reasons provided by the District Court and the Bankruptcy Court insofar as they relate to the termination provision. Because we affirm the grant of summary judgment to the Defendants-Appellees on this ground, we need not address the alternative arguments that the Defendants-Appellees presented to those courts.

further obligation.[2] Pursuant to that provision, TCC's discontinuance deprived the Defendants-Appellees of the opportunity to fulfill their minimum quantity commitments and thus excused the Defendants-Appellees from complying with those obligations.

We note that TCC also argues that the District Court erred in concluding that the Defendants-Appellees did not breach Term 5 in failing to ship cargo evenly "as far as possible" throughout the contract term.[3] But because the contracts do not provide "clear guidelines against which to measure such efforts" to ship goods evenly over the contract term, Strauss Paper Co. v. RSA Exec. Search, Inc., 688 N.Y.S.2d 641, 642 (2d Dep't 1999); see Timberline Dev. LLC v. Kronman, 702 N.Y.S.2d 237, 240–41 (1st Dep't 2000), Term 5 "did not impose any

---

[2] Term 20 provides:

> Except as otherwise provided, this contract may be terminated by either party without penalty or further obligation to the other party under this contract on thirty (30) day's [sic] notice to other party, provided however, that if the Shipper terminates the contract before the end of the contract period having not tendered the minimum quantity, it shall be liable to pay all liquidated damages provided for in Term 7.

[3] Term 5 provides, in relevant part, that "[t]he Shipper agrees that as far as possible, cargo committed under this contract will be shipped evenly throughout the duration of the contract."

specific, enforceable requirement that the Defendants[-Appellees] ship their goods evenly throughout the term" of the contracts, App'x at 1825.[4]

We have considered TCC's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court

---

[4] See generally Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 124 (2d Cir. 2013) (discussing the state of New York law regarding "best efforts").