Serbian Spruce Assoc., Ltd. v U.W. Marx, Inc. (2022 NY Slip Op 07469)

Serbian Spruce Assoc., Ltd. v U.W. Marx, Inc.

2022 NY Slip Op 07469

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2020-04567
 (Index No. 470/19)

[*1]Serbian Spruce Associates, Ltd., appellant, 
v
U.W. Marx, Inc., respondent.

Joseph J. Haspel, Middletown, NY, for appellant.
Mastropietro Law Group, Saratoga Springs, NY (Nathan C. Woodard of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Orange County (Maria Vazquez-Doles, J.), dated May 14, 2020. The order denied the plaintiff's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated June 10, 2019, granting the defendant's unopposed motion for summary judgment dismissing the complaint.
ORDERED that the order dated May 14, 2020, is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate the order dated June 10, 2019, is granted, the order dated June 10, 2019, is vacated, and the matter is remitted to the Supreme Court, Orange County, to establish a schedule for the submission of opposition and reply papers, and thereafter, for a determination, on the merits, of the defendant's motion for summary judgment dismissing the complaint.
In March 2016, the defendant, as general contractor, entered into a subcontract with the plaintiff, as subcontractor, for the plaintiff to perform certain roofing work on an apartment complex. The subcontract required the plaintiff to submit applications for payment, which upon approval, were to be paid within 15 days after the defendant received payment from the owner. The subcontract also contained certain conditions precedent for the plaintiff to receive final payment from the defendant. Specifically, the subcontract provided, among other things, that all work under the contract had to be completed and accepted, and that the defendant had to receive payment from the owner before it was obligated to pay the plaintiff. Finally, the subcontract required the plaintiff, inter alia, to commence any action against the defendant within six months of the plaintiff's last day of work on the project site (hereinafter the six-month contractual limitation clause).
On or about August 25, 2016, the defendant terminated the subcontract based on the plaintiff's allegedly poor performance of the work. The plaintiff did not return to the project, and the defendant allegedly communicated to the plaintiff that it would no longer pay the plaintiff for work performed. In January 2019, the plaintiff commenced this action against the defendant to recover damages for breach of contract. The defendant subsequently moved for summary judgment dismissing the complaint on the ground that the action was time-barred pursuant to the six-month contractual limitation clause. The plaintiff failed to oppose the motion. In an order dated June 10, 2019, the Supreme Court granted the defendant's unopposed motion for summary judgment dismissing the complaint. In February 2020, the plaintiff moved, in effect, pursuant to CPLR 5015(a)(1) to vacate the June 10, 2019 order. By order dated May 14, 2020, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A party seeking to vacate an order entered upon [its] default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Gerontianos v Rodgers, 206 AD3d 973, 973; see Estrada v Selman, 130 AD3d 562, 562). "The determination of what constitutes a reasonable excuse lies within the trial court's discretion" (Glauber v Elkstein, 133 AD3d 713, 713; see Stewart v Berger, 137 AD3d 1103, 1105). On appeal, the defendant does not contest the Supreme Court's determination that the plaintiff established a reasonable excuse for its default in opposing the defendant's motion for summary judgment dismissing the complaint.
Further, the plaintiff demonstrated that it had a potentially meritorious opposition to the defendant's motion for summary judgment (see Digesare Mech., Inc. v U.W. Marx, Inc., 176 AD3d 1449, 1450-1451; D & S Restoration, Inc. v Wenger Constr. Co., Inc., 160 AD3d 924, 925-926; JC Ryan EBCO/H & G, LLC v Lipsky Enters., Inc., 78 AD3d 788, 789-790; Certified Fence Corp. v Felix Indus., 260 AD2d 338).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate the order dated June 10, 2019, and the matter is remitted to the Supreme Court, Orange County, to establish a schedule for the submission of opposition and reply papers, and thereafter, for a determination, on the merits, of the defendant's motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court