■ TRILOGY SYSTEMS, INC., Respondent, v KOGOSOFT CORP. et al., Appellants. [715 NYS2d 66] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 18, 2000, which, *inter alia,* granted plaintiff's motion for summary judgment on the issue of liability on its first cause of action for breach of a restrictive employment covenant, dismissed defendants' counterclaim and eighth affirmative defense relative to the licensing issue, and severed plaintiff's second cause of action, unanimously affirmed, with costs.

The parties' contract, pursuant to which defendant Kogosov was assigned by plaintiff to perform consulting services to plaintiff's client, Goldman Sachs, contained a covenant restricting defendants from "solicit[ing] or accept[ing] employment at Goldman Sachs" and further provided that this restriction would be binding for one year from the contract's cancellation. Plainly, the circumstance that the restriction on defendants' solicitation or acceptance of employment from Goldman was to extend for a year beyond the contract's termination does not, as defendants contend, require the absurd conclusion that prior to termination such solicitation or acceptance of employment was permitted. Indeed, quite apart from the circumstance that the contract by its terms prospectively bars defendants' solicitation and acceptance of employment at Goldman, the inclusion of the post-termination restriction would have been altogether pointless if the restriction had not also been intended to be applicable during the contract's duration. Accordingly, summary judgment was properly granted on the first cause of action.

Plaintiff produced sufficient evidence in support of its claim that it is an employer fee paid employment agency as defined by General Business Law § 191, and is therefore exempt from licensing requirements (General Business Law § 171 [2] [e]). Defendants' affirmative defense and counterclaim as to licensing were therefore properly dismissed (*see, Linwood Consultants v Sharon Frank Assocs.,* 161 Misc 2d 546).

We have considered defendants' remaining arguments and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Tom, Wallach and Andrias, JJ.