■ FANNING TECHNICAL SEARCH, Appellant, v 100% GIRLS BRAND INC. et al., Respondents. [740 NYS2d 28] —Order, Supreme Court, New York County (Walter Tolub, J.), entered on or about April 18, 2001, which, in an action for breach of contract by plaintiff employment agency, granted defendants' cross motion for summary judgment dismissing the complaint, and denied as academic plaintiff's main motion for disclosure sanctions, unanimously affirmed, without costs.

The motion court correctly found that New Jersey has a more significant relationship to the transaction than New York (see, Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 226), and, accordingly, correctly applied New Jersey law barring out-of-state employer-fee-paid employment agencies not licensed in New Jersey from pursuing employers

for unpaid fees (see, *Data Informatics v AmeriSOURCE Partners*, 338 NJ Super 61, 768 A2d 210, citing, inter alia, NJ Stat Ann §§ 34:8-45, 34:8-52; compare, *Trilogy Sys. v Kogosoft Corp.*, 277 AD2d 79, citing General Business Law §§ 191, 171 [2] [e], and *Linwood Consultants v Sharon Frank Assoc.*, 161 Misc 2d 546). The contract, a letter agreement prepared by plaintiff in New York, was negotiated by the parties from their respective offices in New York and New Jersey, although the only signature appearing thereon is that of defendant's representative. While plaintiff conducted all of its search efforts in New York, it is more significant that it sent the candidates it found to New Jersey. New York public policy does not require application of its law exempting employment agencies such as plaintiff from licensing requirements. Concur—Williams, P.J., Nardelli, Tom, Lerner and Friedman, JJ.